RAY HACKE
OSB No. 173647
PACIFIC JUSTICE INSTITUTE
1850 45th Ave. NE, Suite 33
Salem, OR 97305
503-917-4409
rhacke@pji.org
*Lead Counsel*
*Attorney for Plaintiffs*

UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

MEDFORD DIVISION

| | |
|---|---|
| **RACHEL G. DAMIANO** and **KATIE S. MEDART**,<br><br>Plaintiffs,<br><br>v.<br><br>**GRANTS PASS SCHOOL DISTRICT NO. 7**, an Oregon public body, *et al.*,<br><br>Defendants. | Case No:  1-21-CV-00859-MC<br><br>**PLAINTIFFS' REPLY TO DEFENDANTS' RESPONSE IN OPPOSITION TO MOTION FOR TEMPORARY RESTRAINING ORDER AND PRELIMINARY INJUNCTION [Fed. R. Civ. P. 65]**<br><br>EXPEDITED HEARING<br>REQUESTED |

Plaintiffs RACHEL G. DAMIANO ("Damiano") and KATIE S. MEDART ("Medart") hereby reply to the response ("Resp." when cited) that Defendants GRANTS PASS SCHOOL DISTRICT NO. 7 *et al.* filed in opposition to Plaintiffs' Motion For Temporary Restraining Order and Preliminary Injunction (the "Motion," or "Mot." when cited) on July 1, 2021 as follows:

Pls.' Reply in Opposition to Defs.' Resp. in Opposition to Mot. for TRO & Prelim. Inj.

1

## ARGUMENT

Defendants could not be more incorrect that Plaintiffs' Motion is not ripe for decision by this Court.

To begin with, placement on paid administrative leave constitutes an adverse employment action. *Kennedy v. Bremerton Sch. Dist.*, 869 F.3d 813, 822 (9th Cir. 2017). Even if the Court does not deem placement on paid administrative leave an adverse employment action, it may still constitute retaliatory conduct. *Waite v. Gonzaga Univ.*, 2019 U.S. Dist. LEXIS 22253 at \*15 (E.D. Wash. Feb. 11, 2019) [citing *Michael v. Caterpillar Fin. Servs.*, 496 F.3d 584, 596 (6th Cir. 2007), and *Acosta v. Brain*, 910 F.3d 502, 513 (9th Cir. 2018)]. Furthermore, while "'[p]ast exposure to illegal conduct does not in itself present a case or controversy [meriting] injunctive relief,'" such relief is merited where, as here, Plaintiffs are "'***realistically threatened by a repetition***' of the violation of their constitutional rights." *Gonzales v. City of Peoria*, 772 F.2d 468, 480-81 (9th Cir. 1983) (emphasis added) [quoting *City of Los Angeles v. Lyons*, 461 U.S. 95, 109 (1983)].

In this case, Plaintiffs' Motion asks the Court to "reinstate" Damiano to her post as assistant principal at North Middle School ("NMS") and Medart to her position as a teacher at NMS. Mot. at 4. Defendant GRANTS PASS SCHOOL DISTRICT NO. 7 (the "District") has already taken adverse employment action against Plaintiffs by placing them on paid administrative leave in response to complaints about their "I Resolve" video. Compl., ¶¶ 8, 58, 97, 142-155, 266, 301, 371. Defendants did so in retaliation for Plaintiffs' online publication of their "I Resolve" video, which advocates for sound educational policies at the local, state, and federal levels that account for divergent, often conflicting views about gender identity while also upholding fundamental freedoms – and which, in response to complaints, the District later deemed discriminatory toward transgender persons. *Id.*, ¶¶ 12, 142-60, 164-68, 295-302. While Defendants correctly note that

Pls.' Reply in Opposition to Defs.' Resp. in Opposition to Mot. for TRO & Prelim. Inj.

Plaintiffs' employment had not yet been terminated when Plaintiffs filed their Motion [Resp. at 3] – and, as of this writing, still has not – Defendants have already inflicted injury on Plaintiffs by placing Plaintiffs on administrative leave in retaliation for the views expressed in their "I Resolve" video, preventing Plaintiffs from performing their respective duties as an administrator and teacher. *Id.*, ¶¶ 142-55. Plaintiffs' claims thus do not "rest on contingent future events that may not occur as anticipated, or indeed may not occur at all," and are therefore ripe for adjudication. *Texas v. United States*, 523 U.S. 226, 300-01 (1998).

Furthermore, without mentioning it by name, Defendants are essentially asserting "finality," aka "exhaustion," as a defense to Plaintiffs' Motion. Resp. at 4; *see also*, e.g., *Hells Canyon Preservation Council v. Richmond*, 841 F. Supp. 1039, 1044 (D. Or. 1993) (*Hells Canyon*). This defense "applies where an action is not ripe for judicial review because no final action has been taken, a full factual record is still being developed, or further agency action could render the challenge moot or result in piecemeal review." *Hells Canyon*, 841 F. Supp. at 1044. Defendants are essentially arguing that because they have not yet fired Plaintiffs, Defendants have taken no final action against them, making their case unripe. Resp. at 4. However, Plaintiffs have already extensively demonstrated in their Motion a likelihood of success on the merits of their claim that Defendants – or at least three of them, namely the District; KIRK KOLB ("Superintendent Kolb"), the District's Superintendent; and THOMAS BLANCHARD ("Principal Blanchard"), the principal at NMS – placed them on leave in retaliation for exercising their First Amendment right of free speech. Mot. at 19-30. As the Supreme Court has noted, "[p]ast wrongs [are] evidence bearing on 'whether there is a real and substantial threat of repeated injury,'" and "the prospect of future injury rest[s] 'on the likelihood that [plaintiffs] will again'" suffer infringements on their constitutional rights at the hands of government officials bent on silencing them. *Lyons*, 461

Pls.' Reply in Opposition to Defs.' Resp. in Opposition to Mot. for TRO & Prelim. Inj.

U.S. at 102 [quoting *O'Shea v. Littleton*, 414 U.S. 488, 496 (1974)]. Such a likelihood exists here given that, as Defendants note, Plaintiffs are each facing looming termination hearings on July 15, 2021.

  Defendants make **_no_** attempt to refute Plaintiffs' assertion that Plaintiffs are likely to succeed on the merits of their claims concerning retaliation or the constitutionality of the District's Amended Speech Policy: Without going into detail, Defendants assert that "[a]s with other school districts in Oregon, the District has policies that govern employee conduct" and that "[a]n investigation into plaintiffs determined that they had violated some of these policies[.]" Resp. at 3. Defendants do not explain what compelling interests those policies serve, how they outweigh Plaintiffs' right of free speech, or how those policies, and enforcement thereof, "target[] and eliminate[] **_no more than_** the exact source of the 'evil' [they] seek[] to remedy'" – a necessary requirement for policies restricting speech to be narrowly tailored and, accordingly, constitutional. *Frisby v. Schultz*, 487 U.S. 474, 485 (1988).

  Among the policies that Defendants refer to are "policies concerning use of work time, facilities, and equipment, and use of its [computer] network for political campaigns." Resp. at 3. Defendants give no explanation as to what those policies state or how Plaintiffs violated said policies. By contrast, in their verified complaint – i.e., a complaint signed by both Plaintiffs under penalty of perjury, meaning Plaintiffs are testifying as to the truth of the facts described therein – Plaintiffs make clear that they did not use work time, facilities, and equipment to create and publish the "I Resolve" video. Compl., ¶ 115. They created and published the video while off duty, during the District's spring break, using personal property that did not belong to the District, at a local church. *Id.* Even if Plaintiff did discuss some of their work related to the video with fellow District employees during school hours while on NMS' campus or other locations within

Pls.' Reply in Opposition to Defs.' Resp. in Opposition to Mot. for TRO & Prelim. Inj.

4

the District – something Plaintiffs freely admit; in fact, they sought and received feedback from Superintendent Kolb and Principal Blanchard [*id.*, ¶¶ 3-4, 123-24, and 169] – Defendants make no showing that Plaintiffs did not do this during down time, such as lunch breaks or after the end of the school day. Certainly, District employees are as free to discuss matters of public concern with their colleagues during their down time as they see fit.

Defendants also do not explain how Plaintiffs' work related to the "I Resolve" video constitutes a political campaign. ORS 260.432(2) sheds some light on this issue: That statute prohibits public employees from "solicit[ing] any money, influence, service or other thing of value or otherwise promote or oppose any political committee or promote or oppose the nomination or election of a candidate, the gathering of signatures on an initiative, referendum or recall petition, the adoption of a measure or the recall of a public office holder while on the job during working hours." Defendants make no showing as to how Plaintiffs engaged in any of the activities that ORS 260.432 prohibits. Plaintiffs merely advocated for educational policies concerning gender identity at all levels of government – local, state, and federal – to be truly inclusive, accounting for the divergent and often conflicting views about gender identity while also upholding individual freedoms. Compl., ¶ 105. Moreover, ORS 260.432(2) also declares that "this section ***does not restrict*** the right of a public employee to express personal political views" (emphasis added). Expressing personal political views is all Plaintiffs have done here, and Defendants have not proven otherwise.

Defendants make a passing reference to "policies requiring that staff members not disclose confidential information about students on social media." Resp. at 3. Again, Defendants make no showing as to how Plaintiffs violated these so-called policies.

Pls.' Reply in Opposition to Defs.' Resp. in Opposition to Mot. for TRO & Prelim. Inj.

Defendants assert that Plaintiffs must make "a ***clear showing***" concerning each of the four elements necessary to obtain injunctive relief, which are set forth in *Winter v. Nat. Res. Def. Council*, 555 U.S. 7 (2008). Resp. at 2-3 [quoting *Mazurek v. Armstrong*, 520 U.S. 968, 972 (1997) (emphasis in the original)]. However, Defendants' bare-bones assertions concerning the District's policies, and Plaintiffs' alleged violation of them, do not indicate why Plaintiffs' showings concerning any of the four elements – likelihood of success on the merits, irreparable harm, a balance of equities favoring Plaintiffs, and inadequacy of monetary damages – lack clarity.

On top of that, Defendants' assertion, quoted *supra*, that "[a]n investigation into plaintiffs determined that they had violated some of these policies" makes clear that Defendants have already determined Plaintiffs' culpability – hence, Superintendent Kolb's recommendation for termination. Resp. at 3-4. This makes Plaintiffs' firing at the hearing scheduled for July 15, 2021 seem like a foregone conclusion. However, the law makes clear that Plaintiffs do need not wait for Defendants to violate their constitutional rights a second time: The District's ongoing efforts to terminate Plaintiffs' employment after placing them on administrative leave constitute a realistic threat that the District will double down on its original violation of Plaintiffs' First Amendment rights. *See Pinard v. Clatskanie Sch. Dist. 6J*, 467 F.3d 755, 771 (9th Cir. 2006) [noting that the mere threat of penalties is enough to "chill or silence a person of ordinary firmness from future First Amendment activities"]. The existence of this threat is precisely why Plaintiffs need injunctive relief – and why the Court should grant it. *Gonzales*, 772 F.2d at 480-81 [quoting *Lyons*, 461 U.S. at 109].

## CONCLUSION

Reviewing the four factors set forth in *Winter*, cited *supra*:

Pls.' Reply in Opposition to Defs.' Resp. in Opposition to Mot. for TRO & Prelim. Inj.

- **Likelihood of success on the merits:** Plaintiffs have demonstrated that they are likely to succeed on their claims that Defendants – the District, Superintendent Kolb, and Principal Blanchard in particular – retaliated against them for exercising their First Amendment rights, and that the Amended Speech Policy is unconstitutional [*see* Mot. at 19-40];

- **Irreparable harm:** "[T]he loss of First Amendment freedoms, ***for even minimal periods of time***, **unquestionably** constitutes irreparable injury." *Elrod v. Burns*, 427 U.S. 347, 373 (1976). Because Defendants – the District, Superintendent Kolb, and Principal Blanchard in particular – have retaliated against Plaintiffs for exercising their First Amendment rights via publication of the "I Resolve" video, Plaintiffs have suffered irreparable harm [Mot. at 40-41];

- **Balance of harms:** Where, as here, plaintiffs "raise[] serious First Amendment questions," a court must "find[] that the balance of hardships tips sharply in Plaintiffs' favor." *Am. Beverage Ass'n v. City & Cnty. of San Francisco*, 916 F.3d 749, 758 (9th Cir. 2019) (cleaned up). In showing that Defendants put Plaintiffs on administrative leave because of their protected speech, stopped Plaintiffs from speaking, and compelled Plaintiffs to speak a disclaimer, Plaintiffs have raised serious First Amendment questions, thus demonstrating that the balance of hardships in this case sharply favors them [Mot. at 41];

- **Public interest:** "'***It is always in the public interest*** to prevent the violation of a party's constitutional rights.'" *De Jesus Ortega Melendres v. Arpaio*, 695 F.3d 990, 1002 (9th Cir. 2012) (emphasis added) [quoting *Sammartano v. First Jud. Dist. Ct.*, 303 F.3d 959, 974

(9th Cir. 2002)]. Granting a preliminary injunction to further prevent Defendants from infringing on Plaintiffs' constitutional rights – especially with their termination hearings looming on July 15 – would serve the public interest.

Based on the foregoing, the Court should grant Plaintiffs a preliminary injunction.

Dated: July 8, 2021

PACIFIC JUSTICE INSTITUTE
  */s/ RAY D. HACKE*
Ray D. Hacke
Oregon State Bar No. 173647
Attorney for Plaintiffs
RACHEL G. DAMIANO and
KATIE S. MEDART

## PROOF OF SERVICE

I am employed in the County of Marion, State of Oregon.  I am over the age of eighteen and not a party to the within action; my business address is 1850 45th Ave., Suite 33, Salem, OR 97305.

On or about July 8, 2021, I served the following documents on the interested parties by placing a true copy thereof enclosed in sealed envelope(s) addressed to said parties:

**PLAINTIFFS' REPLY TO DEFENDANTS' RESPONSE IN OPPOSITION TO MOTION FOR TEMPORARY RESTRAINING ORDER AND PRELIMINARY INJUNCTION [Fed. R. Civ. P. 65]**

## PLEASE SEE ATTACHED SERVICE LIST

__X__ BY MAIL:  I am readily familiar with the firm's practice of collection and processing of correspondence for mailing.  Under that practice, it would be deposited with the U.S. postal service on that same date with postage thereon fully prepaid at Salem, Oregon in the ordinary course of business.  I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

_____BY PERSONAL SERVICE:  I caused such envelope to be delivered by hand to the office of the addressee(s).

_____BY FACSIMILE TRANSMISSION:  The facsimile machine I used complied with California Rules of Court 2003(3) and no error was reported by the machine.  Pursuant to rule 2005(i), I caused the machine to print a record of the transmission, a copy of which is attached to this proof of service.

_____(State) I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

__X__ (Federal)  I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.

Executed on July 8, 2021, at Salem, Oregon.

                                              */s/ RAY D. HACKE*_____
                                                        Ray D. Hacke

## **SERVICE LIST**

Karen Vickers
Attorney For Defendants
Vickers Plass, LLC
5200 SW Meadows Road
Suite 150
Lake Oswego, OR 97035

Pls.' Reply in Opposition to Defs.' Resp. in Opposition to Mot. for TRO & Prelim. Inj.