**KAREN M. VICKERS,** OSB No. 913810
kvickers@vickersplass.com
Telephone: 503-726-5985
**BETH F. PLASS,** OSB No. 122031
bplass@vickersplass.com
Telephone: 503-726-5975
VICKERS PLASS LLC
5200 SW Meadows Road, Suite 150
Lake Oswego, OR 97035

     Of Attorneys for Defendants

UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

MEDFORD DIVISION

| | |
|---|---|
| RACHEL G. DAMIANO and KATIE S. MEDART,<br><br>                   Plaintiffs,<br><br>     v.<br><br>GRANTS PASS SCHOOL DISTRICT 7, an Oregon public body; THE MEMBERS OF THE BOARD OF EDUCATION OF GRANTS PASS SCHOOL DISTRICT 7 – Scott Nelson, Cliff Kuhlman, Gary Richardson, Debbie Brownell, Cassie Wilkins, Brian Delagrange, and Casey Durbin – in their official and personal capacities; KIRK T. KOLB, Superintendent, Grants Pass School District 7, in his official and personal capacity; and THOMAS M. BLANCHARD, Principal, North Middle School, Grants Pass School District 7, in his official and personal capacity,<br><br>                   Defendants. | Case No. 1:21-cv-00859-CL<br><br><br>DEFENDANTS' ANSWER AND AFFIRMATIVE DEFENSES TO SECOND AMENDED VERIFIED COMPLAINT |

     For their answer to plaintiffs' Second Amended Complaint ("Complaint"), defendants

Grants Pass School District 7 ("District"), the members of the Board of Education of Grants Pass

School District 7 (Scott Nelson, Cliff Kuhlman, Gary Richardson, Debbie Brownell, Cassie

Wilkins, Brian Delagrange, and Casey Durbin), Kirk T. Kolb, and Thomas M. Blanchard admit,

deny, and allege as follows:

1.

Admit paragraph 1.

2.

Admit paragraph 2.

3.

Admit paragraph 3.

4.

Admit paragraph 4.

5.

Admit paragraph 5.

6.

Admit Damiano is a resident of Oregon and an assistant principal for GP Flex, a school governed by Grants Pass School District No. 7.

7.

Admit Medart is a resident of Oregon and a teacher for Grants Pass School District No. 7.

8.

Admit that defendant District is public school district and public body.

9.

Admit the allegations in paragraph 9.

10.

Admit that defendants Nelson, Kuhlman, Richardson, Delagrange, Brownell, and

PAGE 2 – DEFENDANTS' ANSWER TO SECOND AMENDED VERIFIED COMPLAINT

Wilkins, either are or were at all times relevant to this Complaint members of the Board of Directors (collectively, "Board Defendants").

11.

Admit the allegations in paragraph 11.

12.

Admit the allegations in paragraph 12.

13.

Admit defendant Kolb has supervisory authority within the District.  Deny the remaining allegations in paragraph 13 because the allegations are vague.

14.

Admit the allegations in paragraph 14.

15.

Admit that defendant Kolb supervises defendant Blanchard.

16.

Deny paragraph 16.

17.

Admit paragraph 17.

18.

Admit that defendants Kolb and Blanchard have the authority set forth in District policy and state law.

19.

Neither admit or deny paragraph 19 as it does not contain an allegation of fact.

VICKERS PLASS LLC
5200 SW MEADOWS ROAD, SUITE 150
LAKE OSWEGO, OREGON 97035
(503) 726-5985| (503) 726-5975

20.

Lack sufficient knowledge and information to admit or deny the allegations in paragraph 20, and therefore deny the same.

21.

Lack sufficient knowledge and information to admit or deny the allegations in paragraph 21, and therefore deny the same.

22.

Lack sufficient knowledge and information to admit or deny the allegations in paragraph 22, and therefore deny the same.

23.

Lack sufficient knowledge and information to admit or deny the allegations in paragraph 23, and therefore deny the same.

24.

Lack sufficient knowledge and information to admit or deny the allegations in paragraph 24, and therefore deny the same.

25.

Lack sufficient knowledge and information to admit or deny the allegations in paragraph 25, and therefore deny the same.

26.

Lack sufficient knowledge and information to admit or deny the allegations in paragraph 26, and therefore deny the same.

27.

Lack sufficient knowledge and information to admit or deny the allegations in paragraph 27, and therefore deny the same.

28.

Lack sufficient knowledge and information to admit or deny the allegations in paragraph 28, and therefore deny the same.

29.

Lack sufficient knowledge and information to admit or deny the allegations in paragraph 29, and therefore deny the same.

30.

Lack sufficient knowledge and information to admit or deny the allegations in paragraph 30, and therefore deny the same.

31.

Lack sufficient knowledge and information to admit or deny the allegations in paragraph 31, and therefore deny the same.

32.

Admit that in January 2021, S.B. 52 was introduced in the Oregon Senate, the content of which speaks for itself.

33.

Admit that in February 2021, the U.S House of Representatives passed the Equality Act, H.R. 5, the content of which speaks for itself.

VICKERS PLASS LLC
5200 SW MEADOWS ROAD, SUITE 150
LAKE OSWEGO, OREGON 97035
(503) 726-5985| (503) 726-5975

34.

Admit that a memorandum was circulated.

35.

Lack sufficient knowledge and information to admit or deny the allegations in paragraph 35, and therefore deny the same.

36.

Deny the allegations in paragraph 36.

37.

Lack sufficient knowledge and information to admit or deny the allegations in paragraph 37, and therefore deny the same.

38.

Lack sufficient knowledge and information to admit or deny the allegations in paragraph 38, and therefore deny the same.

39.

Lack sufficient knowledge and information to admit or deny the allegations in paragraph 39, and therefore deny the same.

40.

The content of the I Resolve website speaks for itself.  Deny the remaining allegations in paragraph 40.

41.

Lack sufficient knowledge and information to admit or deny the allegations in paragraph 41, and therefore deny the same.

VICKERS PLASS LLC
5200 SW MEADOWS ROAD, SUITE 150
LAKE OSWEGO, OREGON 97035
(503) 726-5985| (503) 726-5975

42.

Lack sufficient knowledge and information to admit or deny the allegations in paragraph 42, and therefore deny the same.

43.

Deny the allegations in paragraph 43.

44.

Deny the allegations in paragraph 44.

45.

Deny the allegations in paragraph 45.

46.

Deny the allegations in paragraph 46.

47.

The I Resolve website and videos speak for themselves.  Deny the remaining allegations in paragraph 47.

48.

Deny the allegations in paragraph 48.

49.

Deny the allegations in paragraph 49.

50.

Admit defendants did not assign plaintiffs to work on I Resolve.

51.

Lack sufficient knowledge and information to admit or deny the allegations in paragraph

VICKERS PLASS LLC
5200 SW MEADOWS ROAD, SUITE 150
LAKE OSWEGO, OREGON 97035
(503) 726-5985| (503) 726-5975

51, and therefore deny the same.

52.

Admit that defendant Kolb told plaintiffs District staff had raised concerns.

53.

Admit that defendant Kolb told plaintiffs there were concerns related to transgender

students.

54.

Deny the allegations in paragraph 54.

55.

Deny the allegations in paragraph 55.

56.

Deny the allegations in paragraph 56.

57.

Admit that defendant Kolb sent an e-mail to Medart, the content of which speaks for

itself.

58.

Admit that the District received complaints from District employees.

59.

The allegations in paragraph 59 assume untrue facts, therefore the allegations are denied.

60.

Deny the allegations in paragraph 60.

VICKERS PLASS LLC
5200 SW MEADOWS ROAD, SUITE 150
LAKE OSWEGO, OREGON 97035
(503) 726-5985| (503) 726-5975

61.

Admit that Medart was placed on administrative leave.  The content of the notice speaks for itself.

62.

Admit that Damiano was placed on administrative leave.  The content of the notice speaks for itself.

63.

Deny the allegations in paragraph 63.

64.

Deny the allegations in paragraph 64.

65.

Admit the allegations in paragraph 65.

66.

Admit that defendant Kolb sent the email an email to District staff, the content of which speaks for itself.  Deny the remaining allegations in paragraph 66.

67.

Admit that defendant Kolb sent the email an email to District staff, the content of which speaks for itself.  Deny the remaining allegations in paragraph 67.

68.

Admit that defendant Kolb sent the email an email to District staff, the content of which speaks for itself.  Deny the remaining allegations in paragraph 68.

VICKERS PLASS LLC
5200 SW MEADOWS ROAD, SUITE 150
LAKE OSWEGO, OREGON 97035
(503) 726-5985| (503) 726-5975

69.

Lack sufficient knowledge and information to admit or deny the allegations in paragraph 69.

70.

Admit that defendant Kolb sent an email to District staff, students, and families, the content of which speaks for itself.  Deny the remaining allegations in paragraph 70.

71.

Admit that defendant Kolb sent an email to District staff, students, and families, the content of which speaks for itself.  Deny the remaining allegations in paragraph 71.

72.

Admit that defendant Kolb sent an email to District staff, students, and families, the content of which speaks for itself.  Deny the remaining allegations in paragraph 72.

73.

Paragraph 73 assumes untrue facts, defendants therefore deny paragraph 73.

74.

Admit that a meeting of the Board Defendants occurred on April 13, the record of which speaks for itself.

75.

Admit the allegations in paragraph 75.

76.

Deny the allegations in paragraph 76.

VICKERS PLASS LLC
5200 SW MEADOWS ROAD, SUITE 150
LAKE OSWEGO, OREGON 97035
(503) 726-5985| (503) 726-5975

77.

Deny the allegations in paragraph 77.

78.

Admit that plaintiffs were questioned by an outside investigator.

79.

Admit that the District adopted a policy titled "Staff Participation in Political Activities" the content of which speaks for itself.  Deny the remaining allegations in paragraph 79.

80.

Admit that the District adopted a policy titled "Staff Participation in Political Activities" the content of which speaks for itself.  Deny the remaining allegations in paragraph 80.

81.

Admit that the District adopted a policy titled "Staff Participation in Political Activities" the content of which speaks for itself.  Deny the remaining allegations in paragraph 81.

82.

Admit that the District adopted a policy titled "Staff Participation in Political Activities" the content of which speaks for itself.  Deny the remaining allegations in paragraph 82.

83.

Admit that the District adopted a policy titled "Staff Participation in Political Activities" the content of which speaks for itself.  Deny the remaining allegations in paragraph 83.

84.

Deny the allegations in paragraph 84.

85.

Deny the allegations in paragraph 85.

86.

Deny the allegations in paragraph 86.

87.

Deny the allegations in paragraph 87.

88.

Admit that the District adopted an policy on April 27, 2021, the content of which speaks for itself. Deny the remaining allegations in paragraph 88.

89.

Admit that the District adopted an policy on April 27, 2021, the content of which speaks for itself. Deny the remaining allegations in paragraph 89.

90.

Admit that the District adopted an policy on April 27, 2021, the content of which speaks for itself. Deny the remaining allegations in paragraph 90.

91.

Admit that the District adopted an policy on April 27, 2021, the content of which speaks for itself. Deny the remaining allegations in paragraph 91.

92.

Deny the allegations in paragraph 92.

VICKERS PLASS LLC
5200 SW MEADOWS ROAD, SUITE 150
LAKE OSWEGO, OREGON 97035
(503) 726-5985| (503) 726-5975

93.

Admit that District employees must follow Board policies.

94.

Deny the allegations in paragraph 94.

95.

Admit the District adopted a policy on Studying Controversial Issues, the content of which speaks for itself.

96.

Admit the District adopted a policy on Studying Controversial Issues, the content of which speaks for itself.

97.

Admit the District adopted a policy on Studying Controversial Issues, the content of which speaks for itself.

98.

Admit the District adopted a policy on Studying Controversial Issues, the content of which speaks for itself.

99.

Admit that the District has an amended speech policy, the content of which speaks for itself.

100.

Deny the allegations in paragraph 100.

VICKERS PLASS LLC
5200 SW MEADOWS ROAD, SUITE 150
LAKE OSWEGO, OREGON 97035
(503) 726-5985| (503) 726-5975

101.

The allegations in paragraph 101 are vague and lacking content, and are therefore denied.

102.

Deny the allegations in paragraph 102.

103.

Deny the allegations in paragraph 103.

104.

Admit that defendant Kolb and employees sent emails, the contents of which speaks for themselves.  Deny the remaining allegations in paragraph 104.

105.

The allegation in paragraph 105 lacks foundation and therefore deny the same.

106.

Admit that staff members sent emails, the contents of which speak for themselves.

107.

Admit that staff members sent emails, the contents of which speak for themselves.

108.

Lack sufficient knowledge and information to admit or deny the allegations in paragraph 108, and therefore deny the same.

109.

Deny the allegations in paragraph 109.

110.

Deny the allegations in paragraph 110.

VICKERS PLASS LLC
5200 SW MEADOWS ROAD, SUITE 150
LAKE OSWEGO, OREGON 97035
(503) 726-5985 | (503) 726-5975

111.

Lack sufficient knowledge and information to admit or deny the allegations in paragraph 111, and therefore deny the same.

112.

Admit that defendant Kolb sent an emails on March 30, 2021 and May, 2021, the contents of which speak for themselves.

113.

Deny the allegations in paragraph 113.

114.

Lack sufficient knowledge and information to admit or deny the allegations in paragraph 114, and therefore deny the same.

115.

Deny the allegations in paragraph 115.

116.

Deny the allegations in paragraph 116.

117.

Lack sufficient knowledge and information to admit or deny the allegations in paragraph 117, and therefore deny the same.

118.

Lack sufficient knowledge and information to admit or deny the allegations in paragraph 118, and therefore deny the same.

VICKERS PLASS LLC
5200 SW MEADOWS ROAD, SUITE 150
LAKE OSWEGO, OREGON 97035
(503) 726-5985| (503) 726-5975

119.

Admit plaintiffs' probationary contracts were renewed.

120.

Admit that defendants hired Bill Landis, a former Grants Pass police chief, to investigate plaintiffs' conduct.

121.

Deny the allegations in paragraph 121.

122.

Admit that the District's Board voted 4-3 to terminate plaintiffs' employment on July 15, 2021 at a hearing before the Board.

123.

Except as specifically admitted herein above, defendants deny the remainder of plaintiffs' complaint and the whole thereof.

**FIRST DEFENSE**

**(Failure to State a Claim)**

124.

Plaintiffs fail to allege facts sufficient to constitute claims against Defendants.

/ / / /

VICKERS PLASS LLC
5200 SW MEADOWS ROAD, SUITE 150
LAKE OSWEGO, OREGON 97035
(503) 726-5985| (503) 726-5975

**SECOND DEFENSE**

**(Failure to Mitigate)**

125.

Plaintiffs have failed to mitigate damages, if any.

**THIRD DEFENSE**

**(Legitimate, Non-Discriminatory, Non-Retaliatory Reasons)**

126.

Any actions taken regarding plaintiffs' employment were for legitimate, non-discriminatory, non-retaliatory reasons.

**FOURTH DEFENSE**

**(Good Faith Efforts; Not Willful)**

127.

Any alleged damages are barred because defendants made good faith efforts to comply with applicable law.  Any alleged violations were not willful.

**FIFTH DEFENSE**

**(After Acquired Evidence)**

128.

Plaintiffs' requests for relief are limited by the after-acquired evidence doctrine.

VICKERS PLASS LLC
5200 SW MEADOWS ROAD, SUITE 150
LAKE OSWEGO, OREGON 97035
(503) 726-5985 | (503) 726-5975

**SIXTH DEFENSE**

**(Undue Burden)**

129.

Plaintiffs' proposed accommodations would place an undue burden on the District.

**EIGHTH DEFENSE**

**(Qualified Immunity)**

130.

The individual defendants are entitled to qualified immunity.

**NINTH DEFENSE**

**(Defendants' Interests)**

131.

Defendants had legitimate reasons and interests for taking actions alleged in this case which outweigh plaintiffs' interests.

**TENTH DEFENSE**

**(Oregon Tort Claims Act)**

132.

Defendants are entitled to the defenses, immunities, and limitations set forth in the Oregon Tort Claims Act.

VICKERS PLASS LLC
5200 SW MEADOWS ROAD, SUITE 150
LAKE OSWEGO, OREGON 97035
(503) 726-5985| (503) 726-5975

## ELEVENTH DEFENSE

### (Moot)

133.

Plaintiffs' have been reinstated so their request for reinstatement is moot.

WHEREFORE, defendants pray that:

Plaintiffs' claims be dismissed with prejudice, that plaintiff take nothing, and for such other relief as the court deems proper.

DATED: December 21, 2021.

VICKERS PLASS LLC

_____ s/ Karen M. Vickers _____
**KAREN M. VICKERS,** OSB No. 913810
kvickers@vickersplass.com
503-726-5985
**BETH F. PLASS,** OSB No. 122031
bplass@vickersplass.com
503-726-5975
Of Attorneys for Defendants

VICKERS PLASS LLC
5200 SW MEADOWS ROAD, SUITE 150
LAKE OSWEGO, OREGON 97035
(503) 726-5985| (503) 726-5975