Ray D. Hacke, OSB #173647
PACIFIC JUSTICE INSTITUTE
1850 45th Ave. NE, Suite 33
Salem, OR 97305
Phone: (503) 917-4409
Fax: (916) 857-6902
E-mail: rhacke@pji.org
*Attorney for Plaintiffs*

UNITED STATES DISTRICT COURT IN AND FOR

THE DISTRICT OF OREGON

MEDFORD DIVISION

| | |
|---|---|
| RACHEL G. DAMIANO, and KATIE S. MEDART, <br><br> *Plaintiffs,* <br><br> v. <br><br> GRANTS PASS SCHOOL DISTRICT 7, an Oregon public body, *et al.*, <br><br> *Defendants.* | Case No.: 1-21-CV-00859-CL <br><br> **PLAINTIFFS' MOTION TO COMPEL DISCOVERY AND MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF [Fed. R. Civ. P. 37(a)(3)(B)(iv), (5)(A)]** |

## MOTION

Pursuant to Fed. R. Civ. P. 37(a)(3)(B)(iv), Plaintiffs, RACHEL G. DAMIANO and

KATIE S. MEDART, move this Court for an order compelling Defendants, GRANTS PASS

SCHOOL DISTRICT NO. 7 *et al.* to produce all documents requested in Plaintiffs' First

Requests for Production of Documents ("RFPs").  Copies of said discovery requests, and

Defendants' objections thereto, are attached hereto as **Exhibits "A"** [RFPs] and **"B"**

[Defendants' response to Plaintiffs' RFPs].  Plaintiffs further move this Court, pursuant to Fed.

R. Civ. P. 37(a)(5)(A), for attorney's fees should the Court grant Plaintiffs' Motion to Compel.

## CERTIFICATE OF CONFERRAL

Ray D. Hacke of the Pacific Justice Institute, attorney for Plaintiffs in the herein

proceeding, hereby certifies that pursuant to Local Rule 7-1(a)(1)(A), he met and conferred with

Karen Vickers and Beth Plass, attorneys for Defendants, via e-mail and regular mail on January 17, 2022, and again with Karen Vickers via telephone on January 19, 2022, concerning the herein motion to compel, and was unable to resolve the issues.

## POINTS & AUTHORITIES

### FACTS

Plaintiffs RACHEL DAMIANO and KATIE MEDART (collectively "Plaintiffs"), educators employed by Defendant GRANTS PASS SCHOOL DISTRICT NO. 7 ("GPSD" or the "District"), suffered adverse employment actions – including firing – after posting a video on YouTube proposing what they viewed as a reasonable, science-based, and loving policy that would let lawmakers balance often-conflicting interests among students, parents, and educators when a student struggles with gender identity. *See* Pls.' Second Amended Verified Compl. ("Complaint," or "Compl." when cited), p. 2.  Because statements by District officials indicate that the content of Plaintiffs' speech is the true reason for GPSD's actions, Plaintiffs sued Defendants for violating their rights under both the U.S. and Oregon constitutions.  *Id*., pp. 2-3.

Seeking information related to Defendants' speech policies and practices, Plaintiffs submitted discovery requests to Defendants on or about November 10, 2021.  *See* Ex. "A" [including Plaintiffs' certificate of service re: their discovery requests].  On December 21, 2021, Defendants submitted their response to Plaintiff's RFPs, which Plaintiffs deemed unsatisfactory.

In its responses, Defendants raised the following objections:

- **Work product privilege:** RFP Nos. 1-10, 30-35, and 44-48;

- **Attorney client privilege:**  RFP Nos. 4-10 and 30-35;

- **Produce if located:** RFP Nos. 4, 11, 12, 30-36, 39-46, and 50-52;

- **Definition of "District Members" is vague:** RFP Nos. 6-9;

- **Relevance:** RFP Nos. 1, 13-16, 18-29, 37, and 38;

- **Protected under FERPA or ORS 336.187:** RFP Nos. 39-43.

Because efforts to resolve these discovery issues informally proved unsuccessful,

Plaintiffs now bring the herein motion to compel (the "Motion").

## ARGUMENT

"[T]he purpose of discovery is to remove surprise from trial preparation so the parties can obtain evidence necessary to resolve the dispute." *Duran v. Cisco Sys., Inc.*, 258 F.R.D 375, 378 (C.D. Cal. 2009)]. To withhold responses until one's opponent must move to compel is to engage in gamesmanship undermining the Federal Rules of Civil Procedure ("FRCP"). *Okada v. Ark Whitehead*, 2016 U.S. Dist. LEXIS 191926 at *12 (C.D. Cal. June 13, 2016). Furthermore, "[t]he discovery process is subject to the overriding limitation of good faith. Callous disregard of discovery responsibilities cannot be condoned." *Asea, Inc. v. Southern Pac. Transp. Co.*, 669 F.2d 1242, 1246 (9th Cir. 1982).

On or about November 10, 2021, Plaintiffs served upon Defendants their first set of RFPs. Defendants initially had 30 days to provide the documents requested, but requested an extension to December 21, 2021, which Plaintiffs granted. Based on the majority of Defendants' answers to Plaintiffs' RFPs, Defendants appear to be engaging in gamesmanship by stonewalling Plaintiffs' efforts to obtain discoverable evidence. Plaintiffs thus have reason to believe that Defendants have not raised the majority of their objections in good faith, and are hereby pursuing sanctions under FRCP 37 given that Defendants failed to adequately and timely address Plaintiffs' discovery requests discussed herein.

I. **Defendants Have a Duty to Provide All Non-Privileged Documents; Those That Are Privileged Must Be Listed in a Privilege Log.**

In response to RFP Nos. 1-10, 30-35, and 44-48, Defendants repeatedly assert that Plaintiffs seek documents protected under the work product privilege. In response to RFP Nos. 4-10 and 30-35, Defendants repeatedly assert the attorney-client privilege.[1]

To begin with, Defendants have a duty to provide all non-privileged documents

---

[1] In some cases, Defendants' response is, "See response to request no. [INSERT NUMBER HERE]." Plaintiffs are treating Defendants' incorporation of previous responses by reference as assertions of the attorney-client and work product privileges for purposes of the responses that incorporate them.

requested.  Defendants have not fulfilled that duty.  Accordingly, Plaintiffs hereby request that this Court order Defendants to provide the non-privileged documents requested.

For those documents that Defendants consider privileged, Plaintiffs request that this Court order Defendants to provide a privilege log that will enable the Court to determine whether the documents identified are being properly withheld.  The privilege log should explain why, in Defendants' view, each document withheld qualifies for either the work product or attorney-client privilege – something that is Defendants' burden to prove in response to a motion to compel.  *See United States v. Martin*, 278 F.3d 988, 999-1000 (9th Cir. 2002).  Even if the documents are protected under the work product or attorney-client privileges, neither privilege is absolute [*see Finjan, Inc. v. SonicWall, Inc.*, 2018 U.S. Dist. LEXIS 177061 at *5 (N.D. Cal. Oct. 15, 2018)]:

- The work product privilege "can be overcome by a showing of substantial need and the inability to obtain the equivalent of the materials through other means."  *Walker v. County of Contra Costa*, 227 F.R.D. 529, 536 (N.D. Cal. 2005) [citing FRCP 26(b)(3).  This is especially true where a party is not seeking "mental impressions, conclusions, opinions, or legal theories of an attorney or other representative of a party concerning the litigation."  *Id.* [quoting FRCP 26(b)(3)].

- The attorney-client privilege, meanwhile, is strictly construed because it "stands in derogation to the public's right to every man's evidence and as an obstacle to investigation of the truth."  *United States v. Ruehle*, 583 F.3d 600, 607 (9th Cir. 2009).  Courts recognize "the unfairness that would result from a privilege holder selectively disclosing privileged communications to an adversary, revealing those that support the cause while claiming the shelter of the privilege to avoid disclosing those that are less favorable."  *Tennenbaum v. Deloitte and Touche*, 77 F.3d 337, 340-41 (9th Cir. 1996).  In other words, Plaintiffs are entitled to obtain access to any communications relevant to the defenses raised in Defendants' answer to Plaintiffs'

Complaint.  *Chevron Corp. v. Pennzoil Co.*, 974 F.2d 1156, 1162 (9th Cir. 1992).

The bullet-pointed paragraphs above apply with particular force to RFP Nos. 47 and 48, which concern Bill Landis' investigation into Plaintiffs' conduct, which preceded Plaintiffs' filing of this lawsuit: For one thing, the attorney-client privilege does not apply to Mr. Landis's communications with the District, as Mr. Landis is not an attorney, nor was he sought for legal advice in his capacity as such.  *In re Grand Jury Investigation*, 974 F.2d 1068, 1070-71 (9th Cir. 1992).  Defendants' objection to RFP Nos. 47 and 48 on the ground that communications with Mr. Landis are protected under the attorney-client privilege is thus meritless.

As for Defendants' assertion of the work product privilege with regard to RFP Nos. 47 and 48, even assuming *arguendo*, without conceding, that the documents at issue are protected under the privilege, Plaintiffs can compel production of the documents requested by demonstrating that they have "a substantial need for the materials to prepare [their] case and cannot, without undue hardship, obtain their substantial equivalent by other means."  *See* Fed. R. Civ. P. 26(b)(3)(A)(ii).  Plaintiffs believe Mr. Landis's investigation to be a witch hunt, conducted for the purpose of finding a pretext to fire Plaintiffs when, in fact, the real reason was to punish Plaintiffs for expressing an unpopular viewpoint that upset some GPSD staff, students, and members of the community.

Production of the documents sought will go a long way toward resolving this matter without the need for further litigation – one of the chief purposes of the discovery process. *Oakes v. Halvorsen Marine, Ltd.*, 179 F.R.D. 281, 286 (C.D. Cal. 1998).  Regardless, Plaintiffs are entitled to learn which documents are privileged and which are not.  *See* FRCP 26(b)(5). Accordingly, Plaintiffs respectfully request this Court to order Defendants to provide a privilege log and the requested non-privileged documents.

## II.  Defendants Must Locate and Produce the Documents Requested.

Pursuant to Fed. R. Civ. P. 26(a)(1)(A)(ii), Defendants have a duty to provide all requested documents "in its possession, custody, or control and may use to support its claims or

defenses[.]" This is in accordance with the general purpose of discovery, which is "to make trial less a game of blind man's bluff and more a fair contest with the basic issues and facts disclosed *to the fullest extent possible*." *United States v. Proctor & Gamble*, 356 U.S 677, 683 (1958)].

In response to RFP Nos. 4, 11, 30, 36, 39, 44, 50, and 51, Defendants assert that "[r]esponsive documents will be produced *if located*" (emphasis added). The same goes for RFP Nos. 12, 31-35, 40-43, 45-46,[2] and 52, which incorporate by reference Defendants' responses to the RFPs preceding them. Implied in Defendants' assertion that they will produce requested documents "if located" is that Defendants will conveniently fail to locate those documents and, accordingly, fail to produce them. It is Defendants' duty under the FRCP to search diligently for those documents and produce them as requested. As Defendants have not done this, Plaintiffs respectfully request that this Court order Defendants to provide all non-privileged documents responsive to the above-listed RFPs immediately.

### III.  Plaintiffs Provided a Definition For the Term "District Members."

In response to RFP Nos. 6-9, Defendants object on the ground that "'District members" is a vague, undefined term." Plaintiffs addressed this objection in Plaintiffs' meet-and-confer letter dated January 17, 2022 [see **Exhibit "C"**], by defining "District members" to mean "Any employee of, school board member tasked with governing, or student enrolled in GPSD." This definition should be interpreted to apply to any and all persons relevant to this case – including but not limited to those identified by name in Plaintiffs' SAC and RFPs – who met the definition of "District members" during the time frame set forth in the SAC. Accordingly, Plaintiffs request that this Court order Defendants to provide documents responsive to RFP Nos. 6-9.

---

[2] Defendants' response to RFP Nos. 45 and 46 both state "See response to request no. …" and then cite the number of the exact RFP to which Defendants are supposed to be responding. For the sake of resolving the discovery issues discussed herein, Plaintiffs are presuming here that Defendants meant to refer to RFP No. 44. Regardless, Defendants have provided evasive answers to RFP Nos. 45 and 46. This is unacceptable.

IV. **All of the Documents That Plaintiffs Seek Are Relevant, Even if Their Relevance is Not Readily Apparent to Defendants.**

"Evidence is relevant if it has ***any tendency*** to make the existence of any fact that is of consequence to the determination of the action more or less probable than it could be without the evidence." *Vincent*, 2019 U.S. Dist. LEXIS 63585 at \*\*5-6 (emphasis added) [quoting Fed. R. Evid. 401]. "Relevance is interpreted ***broadly*** … [because] wide access to relevant facts serves the fairness and integrity of the judicial process by promoting the search for the truth." *Id.* at \*6 (emphasis added) [quoting *Shoen v. Shoen*, 5 F.3d 1289, 1292 (9th Cir. 1993)]. "Once the party seeking discovery establishes that a request seeks relevant information, '[t]he party who resists discovery has the burden to show discovery should not be allowed, and has the burden of clarifying, explaining, and supporting its objections.'" *Id.* [quoting *Global Ampersand, LLC v. Crown Eng'g & Constr.*, 261 F.R.D. 495, 499 (E.D. Cal. 2009)].

Here, in response to RFP No. 13, Defendants object on the ground that Plaintiffs seek "private confidential information from individuals which is not relevant to this case." RFP No. 13 seeks copies of Defendants' Facebook posts from August 20, 2020, to the present. Facebook is a widely known social media platform, and information posted there is hardly private or confidential – especially when the page belongs to a government entity, such as GPSD, or a public official, whether that official maintains the page in his or her official capacity or a private capacity. Even if Kolb, the District's superintendent, Defendant THOMAS BLANCHARD, the principal at North Middle School, or any members of GPSD's Board have set their Facebook pages to "private," thereby limiting who can contact them or post on their pages, no privilege protects community members' communications to public officials on matters of public concern.

Regardless, in response to Defendants' objection that Plaintiffs seek evidence that "is not proportional to the needs of the case," Plaintiffs communicated to Defendants that Plaintiffs are willing to narrow the scope of RFP No. 13 to posts, comments, and messages from or to community members – i.e., anyone who lives in GPSD's geographical boundaries, works for GPSD, and/or makes policy decisions for GPSD – concerning Plaintiffs individually or about the

"I Resolve" movement, which Plaintiffs launched in March 2021.  Plaintiffs also communicated to Defendants that the same goes for Defendants' Instagram, Twitter, and other social media accounts, for which Plaintiffs seek documents pursuant to RFP Nos. 14, 15, and 16, respectively.

Regarding the other RFPs to which Defendants object on the ground that they are "not likely to lead to the discovery of admissible evidence":

- **No. 1 –** Defendants have claimed that "I Resolve" created a substantial disruption to the school environment. As many members of GPSD's leadership team utilize their personal cell phones for work-related communication, these logs are requested to determine whether Defendants' claims are substantiated or not.  The time stamps on the call logs are also important in determining the timeline of communication between various District personnel and members of the community.  If a personal cell phone is not used for work-related communication, Defendants should provide logs from work issued cell phones.

- **No. 18 –** The documents sought via this RFP are relevant because they may contain evidence concerning GPSD's consistency in dealing with employees regarding their competence, authority, duties, judgment, and discipline for using school time and resources to engage in seminars, assemblies, meetings, or other means of combating the alleged "anti-transgender" movement of "I Resolve."  Given Defendants' legitimate concerns about keeping District employees' personnel information confidential, Plaintiffs proposed to Defendants that the documents requested may be produced pursuant to a stipulated protective order and marked "Confidential." However, Defendants refused to produce these documents.

- **Nos. 19-29 –** The documents requested for each individual identified relate to GPSD's consistency in following up on alleged policy violations.  While courts in the Ninth Circuit recognize that employees of a given entity have a privacy interest in their personnel files and that interest is given some protection under the law, "there is no blanket protection from disclosure of personnel records[.]"  *In re Roman Catholic*

*Archbishop of Portland in Or.*, 2009 Bankr. LEXIS 1906 at \*\*15, 17 (Bankr. Or. June 24, 2009) (*Archbishop of Portland*).  Courts must balance employees' privacy interest in their personnel files with civil rights plaintiffs' need for the documents.  *Soto v. City of Concord*, 162 F.R.D. 603, 617 (N.D. Cal. 1995).  This is especially true where civil rights plaintiffs' need for the documents outweighs the employees' interest in maintaining the privacy of their personnel files.  *Id.*  Plaintiffs believe they can demonstrate such a compelling need here.  Regardless, Plaintiffs recognize that the personnel files sought may contain sensitive information about the employees identified.  Accordingly, Plaintiffs suggested to Defendants that the documents requested be produced pursuant to a stipulated protective order and marked "Confidential."  However, Defendants declined to cooperate.

- **No. 37 –** The documents sought here concern whether Plaintiffs did, in fact, cause a substantial disruption, as Defendants claim.  Plaintiffs also disagree with Defendants' assertion that this request is not proportional with the needs of the case: Plaintiffs did not launch "I Resolve" until late March 2021, were put on paid administrative leave in early April 2021, and were restricted from accessing their District e-mail accounts soon thereafter.  Only after Plaintiffs were reinstated on November 10 did they regain access to their e-mail accounts.

- **No. 38 –** As with RFP No. 37, the documents sought here concern whether Plaintiffs did, in fact, cause a substantial disruption, as Defendants claim.  Plaintiffs also disagree with Defendants' assertion that this request is not proportional to the needs of the case: Unless Defendants have had almost daily communications with news organizations that regularly cover GPSD – newspapers, radio stations, television stations, etc. – there should not be much correspondence to produce.

In addition, in response to RFP No. 39, Defendants object on the ground that Plaintiffs seek documents protected under both the federal Family Educational Rights and Privacy Act

(FERPA) and ORS 336.187.  Incorporating by reference their response to RFP No. 39, Defendants raise the same objection in response to RFP Nos. 40-43.  Plaintiffs recognize this concern; accordingly, Plaintiffs suggested to Defendants that the documents requested pursuant to RFP Nos. 39-43 may be produced pursuant to a stipulated protective order and marked "Confidential." However, Defendants still refused to cooperate.

## V.   Request for Attorney's Fees

Upon granting a movant's motion to compel, pursuant to Fed. R. Civ. P. 37(a)(5)(A), this Court may require the opposing party to pay reasonable expenses incurred in making the motion, including attorney's fees.

Ray D. Hacke, the attorney who prepared the foregoing Motion, has 10 years' experience.  *See* Attached **Exhibit "D"** [a page from the California State Bar's website confirming Mr. Hacke's admission on June 2, 2011].  According to the U.S. Attorney's Office's Attorney's Fees Matrix, a copy of which is attached hereto as **Exhibit "E,"** it is reasonable for an attorney with 10 years' experience as of 2021 charge $450 per hour.  Mr. Hacke spent approximately 7 hours researching and drafting the motion.  Should the Court grant Plaintiffs' Motion, then, Plaintiffs ask that the Court award Plaintiffs $3,150 in attorney's fees.

The undersigned declares under penalty of perjury of the laws of Oregon that to the best of his knowledge, information, and belief, the foregoing is true and correct.

## CONCLUSION

Based on the foregoing, the Court should grant Plaintiffs' Motion in its entirety.


Dated: January 31, 2022                    PACIFIC JUSTICE INSTITUTE

                                   *   /s/ RAY D. HACKE*
                                   Ray D. Hacke
                                   Attorney for Plaintiffs
                                   RACHEL G. DAMIANO and
                                   KATIE S. MEDART

**CERTIFICATE OF COMPLIANCE WITH BRIEF LENGTH REQUIREMENTS**

I hereby certify that (1) this brief complies with the word-count limitation set forth in Local Rules 7-2(b) and 26-3(b)(1) and (2) the word count of this brief is 3,131 words, but within the 10-page limit.

Dated:  January 31, 2022                    PACIFIC JUSTICE INSTITUTE
                                             */s/ RAY D. HACKE*
                                            _____
                                            Ray D. Hacke
                                            OSB No. 173647
                                            Attorney for Plaintiffs

**PROOF OF SERVICE**

I am employed in the County of Marion, State of Oregon. I am over the age of eighteen and not a party to the within action; my business address is 1850 45th Ave., Suite 33, Salem, OR 97305.

On or about January 31, 2022, I served the following documents on the interested parties via the following method:

**PLAINTIFFS' MOTION TO COMPEL DISCOVERY AND MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF [Fed. R. Civ. P. 37(a)(3)(B)(iv), (5)(A)]**

**PLEASE SEE ATTACHED SERVICE LIST**

_____BY MAIL: I am readily familiar with the firm's practice of collection and processing of correspondence for mailing. Under that practice, it would be deposited with either the U.S. postal service or another carrier on approximately that same date with postage thereon fully prepaid at Salem, Oregon in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

_____BY PERSONAL SERVICE: I caused such envelope to be delivered by hand to the office of the addressee(s).

\_\_X\_\_BY ELECTRONIC MAIL: I caused such documents to be served on the interested parties via electronic mail with the consent of the interested parties.

_____(State) I declare under penalty of perjury under the laws of the State of Oregon that the above is true and correct.

\_\_X\_\_\_(Federal) I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.

Executed on January 31, 2022, at Salem, Oregon.

*/s/ LAUREN PEFFERLE*_____
Lauren Pefferle

## <u>SERVICE LIST</u>

- Karen Vickers and Beth Plass
  Vickers Plass, LLC.
  5200 SW Meadows Road, Suite 150
  Lake Oswego, OR 97035
  Attorneys for Defendants
  E-mail: kvickers@vickersplass.com
  bplass@vickersplass.com

# EXHIBIT "A"

Ray D. Hacke, OSB No. 173647
PACIFIC JUSTICE INSTITUTE
1850 45th Ave., NE, Suite 33
Salem, OR 07305
rhacke@pji.org

*Attorney for Plaintiffs*

UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

MEDFORD DIVISION

| | |
|---|---|
| RACHEL G. DAMIANO and KATIE S. MEDART, | Case No. 1:21-cv-00859-CL |
| Plaintiffs, | |
| v. | PLAINTIFFS' FIRST REQUEST FOR PRODUCTION TO DEFENDANTS |
| GRANTS PASS SCHOOL DISTRICT 7, an Oregon public body; THE MEMBERS OF THE BOARD OF EDUCATION OF GRANTS PASS SCHOOL DISTRICT 7 – Scott Nelson, Cliff Kuhlman, Gary Richardson, Debbie Brownell, Cassie Wilkins, Brian Delagrange, and Casey Durbin – in their official and personal capacities; KIRK T. KOLB, Superintendent, Grants Pass School District 7, in his official and personal capacity; and THOMAS M. BLANCHARD, Principal, North Middle School, Grants Pass School District, in his official and personal capacity, | |
| Defendants. | |

TO: DEFENDANTS AND THEIR ATTORNEYS KAREN VICKERS AND BETH PLASS:

Pursuant to Federal Rules of Civil Procedure, Rule 34, Plaintiffs, by and through their

attorney, request that Defendants produce for copying and inspection the documents requested in

this Request for Production to Ray D. Hacke, P.O. Box 5229, Salem, OR 97304, within thirty

(30) days of the service of this Request for Production.

## **INSTRUCTIONS**

You are requested to produce all responsive documents that are in your possession, custody, or control, including all non-identical copies. For each document, identify which specific document request(s) it is responsive to. If no responsive documents are within your possession, custody, or control, state so in writing in your response to the specific document request.

If any responsive document has been lost, destroyed, or otherwise is no longer in your possession, custody, or control, provide for each such document:

- the author, addressees, and any other recipients of the document;

- the date of the document (or state that it is not dated);

- a description in reasonable detail of the document;

- the reason the document is no longer in your possession, custody, or control and, if it was destroyed or otherwise disposed of, the reason it was destroyed or otherwise disposed of; and

- the full name and contact information for any person(s) who may have knowledge or information relating to the document.

If you object to any document request, in whole or in part, on the grounds of privilege, identify:

- the nature of the privilege claimed;

- a general description of the document [or thing,] or the type of document (for example, if the document is a contract, letter, memorandum, or email);

- the general subject matter of the document;

- the date of the document (or state that it is not dated);

- the author, addressees, and any other recipients of the document; and

- the relationship of the author, addressees, and other recipients.

These Requests for Production are continuing in nature. If you receive or otherwise become aware of information responsive to any document request after you have served your response to these Requests, you must promptly supplement your response to these Requests for Production with such information.

## <u>DEFINITIONS</u>

As used herein, the following terms are intended to have the following meanings:

A. "Plaintiffs" shall mean the Plaintiffs in the above-captioned matter, Rachel Damiano and Katie Medart, and any and all of their agents, representatives, attorneys, or any other persons under their control or acting or purporting to act on their behalf.

B. "Defendants," "you," and "your" shall refer to the Defendants in the above-captioned matter: Grants Pass School District No. 7, at all of its locations and offices and by any other corporate or business names it may be known, together with all of its affiliates, partners, subsidiaries, holding companies, agents, representatives, attorneys, and any other persons under its control or acting or purporting to act on its behalf; the members of the Board of Education of Grants Pass School District No. 7,;Kirk T. Kolb, Superintendent, Grants Pass School District No. 7; and Thomas M. Blanchard, Principal, North Middle School.

C. "Amended Complaint" means the Amended Complaint filed in the above-captioned action in the U.S. District Court of the District of Oregon, Medford Division, in Case No. 1:21-cv-00859-CL.

D. "Document" is to be construed in its broadest sense, and refers, without limitation, to all emails, writings, letters, contracts, texts, learning management system (LMS) messages, messages through alternative messaging systems, telegraphs, telecopies, facsimiles, telexes, mailgrams, handwritten notes, memos, reports, diaries, calendars, drawings, charts, photographs, audio recordings, digital recordings, videotapes, data processing or computer cards, disks, tapes, records or printouts, as well as all altered or non-identical copies of each of the foregoing such as those containing any comments or marginal notations, which are within your possession, custody or control.

E. "Related" or "relating to" means, in addition to their usual and customary meanings, concerning, referring to, reflecting, regarding, pertaining to, addressing, discussing, alluding to, describing, evidencing, constituting, or otherwise having any logical or factual connection with the subject matter addressed.

F. The word "any" shall be construed to include "all" and vice versa.

G. Any word in the singular form shall be construed as including plural forms of the word, and vice versa.

## PLAINTIFFS' FIRST REQUEST FOR PRODUCTION TO DEFENDANTS

**REQUEST NO. 1:** Produce a complete copy of your cell phone call logs, including all calls initiated, received, and missed from September 2020 through the present, that relate to Defendants' responses to the allegations in the Amended Complaint.

**RESPONSE:**

**REQUEST NO. 2:** Produce a complete copy of your cell phone call logs, including all calls initiated, received, and missed from September 2020 through the present, that relate to the defenses raised in Defendants' response to the Amended Complaint.

**RESPONSE:**

**REQUEST NO. 3:** Produce a complete copy of your office phone call logs, including all calls initiated, received, and missed from September 2020 through the present, as well as all voicemail recordings relating to the defenses raised in Defendants' response to the Amended Complaint.

**RESPONSE:**

**REQUEST NO. 4:** Produce all voicemail recordings from September 2020 to the present relating to the defenses raised in Defendants' response to the Amended Complaint.

**RESPONSE:**

**REQUEST NO. 5:** Produce copies of any correspondence between or from the District, Defendants, or Plaintiffs as a result of the events alleged in the Amended Complaint.

**RESPONSE:**

**REQUEST NO. 6:** Produce copies of documents you received, directly or indirectly, from anyone other than District members as a result of the events alleged in the Amended Complaint.

**RESPONSE:**

**REQUEST NO. 7:** Produce copies of documents you received, directly or indirectly, from anyone other than District members that relate to the allegations in the Amended Complaint.

**RESPONSE:**

**REQUEST NO. 8:** Produce copies of documents you received, directly or indirectly, from

District members as a result of the events alleged in the Amended Complaint.

**RESPONSE:**

**REQUEST NO. 9:** Produce copies of documents you received, directly or indirectly, from District members that relate to Defendants' responses to the allegations in the Amended Complaint.

**RESPONSE:**

**REQUEST NO. 10:** Produce copies of documents, including memoranda, handwritten notes, and diary entries reflecting Defendants' contemporaneous observations and/or opinions or feelings regarding events, incidents, and/or issues alleged in the Amended Complaint.

**RESPONSE:**

**REQUEST NO. 11:** Produce copies of all agendas and conversation topics from the District Directors' weekly meetings from August 2020 to the present.

**RESPONSE:**

**REQUEST NO. 12:** Produce copies of all agendas and conversation topics from the Superintendent's weekly meetings from August 2020 to the present.

**RESPONSE:**

**REQUEST NO. 13:** Produce copies of a complete archive of Defendants' Facebook accounts from August 2020 to the present.

**RESPONSE:**

**REQUEST NO. 14:** Produce copies of a complete archive of Defendants' Instagram accounts from August 2020 to the present.

**RESPONSE:**

**REQUEST NO. 15:** Produce copies of a complete archive of Defendants' Twitter accounts from August 2020 to the present.

**RESPONSE:**

**REQUEST NO. 16:** Produce copies of a complete archive of Defendants' alternative social media accounts from August 2020 to the present.

**RESPONSE:**

**REQUEST NO. 17:** Produce a complete copy of the personnel files of all Plaintiffs.

**RESPONSE:**

**REQUEST NO. 18:** Produce complete copies of documents related to performance and duties of individual Defendants, including, but not limited to: personnel file, evaluations, disciplinary records, contracts of employment, job duties, required professional development, etc.

**RESPONSE:**

**REQUEST NO. 19:** Produce complete copies of documents related to performance and duties of Tanika Cooks, including, but not limited to: personnel file, evaluations, disciplinary records, contracts of employment, job duties, required professional development, etc.

**RESPONSE:**

**REQUEST NO. 20:** Produce complete copies of documents related to performance and duties of Lysander Selvig, including, but not limited to: personnel file, evaluations, disciplinary records, contracts of employment, job duties, required professional development, etc.

**RESPONSE:**

**REQUEST NO. 21:** Produce complete copies of documents related to performance and duties of Kate Weber, including, but not limited to: personnel file, evaluations, disciplinary records,

contracts of employment, job duties, required professional development, etc.

**RESPONSE:**

**REQUEST NO. 22:** Produce complete copies of documents related to performance and duties of Fawn Perry, including, but not limited to: personnel file, evaluations, disciplinary records, contracts of employment, job duties, required professional development, etc.

**RESPONSE:**

**REQUEST NO. 23:** Produce complete copies of documents related to performance and duties of Tracy Cauble, including, but not limited to: personnel file, evaluations, disciplinary records, contracts of employment, job duties, required professional development, etc.

**RESPONSE:**

**REQUEST NO. 24:** Produce complete copies of documents related to performance and duties of Robert Bath, including, but not limited to: personnel file, evaluations, disciplinary records, contracts of employment, job duties, required professional development, etc.

**RESPONSE:**

**REQUEST NO. 25:** Produce complete copies of documents related to performance and duties of Michael Endicott, including, but not limited to: personnel file, evaluations, disciplinary records, contracts of employment, job duties, required professional development, etc.

**RESPONSE:**

**REQUEST NO. 26:** Produce complete copies of documents related to performance and duties of Paula Bontrager, including, but not limited to: personnel file, evaluations, disciplinary records, contracts of employment, job duties, required professional development, etc.

**RESPONSE:**

**REQUEST NO. 27:** Produce complete copies of documents related to performance and duties of Danny Huber-Kantola, including, but not limited to: personnel file, evaluations, disciplinary records, contracts of employment, job duties, required professional development, etc.

**RESPONSE:**

**REQUEST NO. 28:** Produce complete copies of documents related to performance and duties of Debra Collins, including, but not limited to: personnel file, evaluations, disciplinary records, contracts of employment, job duties, required professional development, etc.

**RESPONSE:**

**REQUEST NO. 29:** Produce complete copies of documents related to performance and duties of Brandi Henderson, including, but not limited to: personnel file, evaluations, disciplinary records, contracts of employment, job duties, required professional development, etc.

**RESPONSE:**

**REQUEST NO. 30:** Produce copies of documents, including correspondence, memos, notes, etc., between or among any Defendants relating to I Resolve from January 2021 to present. (1) If any correspondence contains attorney-client privileged information, provide the date of the email, the person who authored the email, the recipients or addressees of the email, and provide a copy of the email with any attorney-client privileged information redacted. (2) If any other privilege or protection against disclosure is used to deny production of the email, please identify the specific privilege or protection and post the email to the privilege log.

**RESPONSE:**

**REQUEST NO. 31:** Produce copies of documents, including correspondence, memos, notes, etc., between or among Defendants and any other district employee relating to I Resolve from

January 2021 to present. (1) If any correspondence contains attorney-client privileged information, provide the date of the email, the person who authored the email, the recipients or addressees of the email, and provide a copy of the email with any attorney-client privileged information redacted. (2) If any other privilege or protection against disclosure is used to deny production of the email, please identify the specific privilege or protection and post the email to the privilege log.

**RESPONSE:**

**REQUEST NO. 32:** Produce copies of documents, including correspondence, memos, notes, etc., between or among any of the Defendants and any individuals not employed by the District relating to I Resolve from January 2021 to present. (1) If any correspondence contains attorney-client privileged information, provide the date of the email, the person who authored the email, the recipients or addressees of the email, and provide a copy of the email with any attorney-client privileged information redacted. (2) If any other privilege or protection against disclosure is used to deny production of the email, please identify the specific privilege or protection and post the email to the privilege log.

**RESPONSE:**

**REQUEST NO. 33:** Produce copies of documents, including correspondence, memos, notes, etc., between or among Defendants and any other district employee relating to the Plaintiffs from January 2021 to present. (1) If any correspondence contains attorney-client privileged information, provide the date of the email, the person who authored the email, the recipients or addressees of the email, and provide a copy of the email with any attorney-client privileged information redacted. (2) If any other privilege or protection against disclosure is used to deny

production of the email, please identify the specific privilege or protection and post the email to the privilege log.

**RESPONSE:**

**REQUEST NO. 34:** Produce copies of documents, including correspondence, memos, notes, etc., between or among Defendants and any other district employee relating to Black Lives Matter from January 2021 to present. (1) If any correspondence contains attorney-client privileged information, provide the date of the email, the person who authored the email, the recipients or addressees of the email, and provide a copy of the email with any attorney-client privileged information redacted. (2) If any other privilege or protection against disclosure is used to deny production of the email, please identify the specific privilege or protection and post the email to the privilege log.

**RESPONSE:**

**REQUEST NO. 35:** Produce copies of documents, including correspondence, memos, notes, etc., between or among Defendants and any other district employee relating to transgender policies/procedures from August 2019 to present. (1) If any correspondence contains attorney-client privileged information, provide the date of the email, the person who authored the email, the recipients or addressees of the email, and provide a copy of the email with any attorney-client privileged information redacted. (2) If any other privilege or protection against disclosure is used to deny production of the email, please identify the specific privilege or protection and post the email to the privilege log.

**RESPONSE:**

**REQUEST NO. 36:** Produce copies of all correspondence, including, but not limited to emails, texts, memos, and digital recordings from any source ending in "@grantspass.k12.or.us" and/or the District to any elected representatives from January 2020 to present. Elected representatives will include, but not be limited to: Lily Morgan, Art Robinson, Ron Wyden, Duane Stark, and Peter DeFazio.

**RESPONSE:**

**REQUEST NO. 37:** Produce copies of all emails sent to Plaintiffs' District email account from March 14, 2021, to the present.

**RESPONSE:**

**REQUEST NO. 38:** Produce copies of all correspondence, including, but not limited to emails, texts, memos, and digital recordings, with media from March 2021 to the present.

**RESPONSE:**

**REQUEST NO. 39:** Produce copies of documents related to meetings with third parties from March 2021 to present regarding transgender youth, including agendas, digital recordings, Zoom invitations, Big Blue Button invitations, Google Meet invitations, notes, etc.

**RESPONSE:**

**REQUEST NO. 40:** Produce copies of documents related to meetings with third parties from March 2021 to present regarding the Plaintiffs, including agendas, digital recordings, Zoom invitations, Big Blue Button invitations, Google Meet invitations, notes, etc.

**RESPONSE:**

**REQUEST NO. 41:** Produce copies of documents related to meetings with third parties from March 2021 to present regarding "anti-transgender movements," including agendas, digital recordings, Zoom invitations, Big Blue Button invitations, Google Meet invitations, notes, etc.

**RESPONSE:**

**REQUEST NO. 42:** Produce copies of documents related to meetings with persons from outside the District from March 2021 to present regarding the "I Resolve" movement, including agendas, digital recordings, Zoom invitations, Big Blue Button invitations, Google Meet invitations, notes, etc.

**RESPONSE:**

**REQUEST NO. 43:** Produce copies of documents related to meetings with persons within the District from March 2021 to present regarding transgender youth, including agendas, emails, LMS messages, digital recordings, Zoom invitations, Big Blue Button invitations, Google Meet invitations, notes, etc.

**RESPONSE:**

**REQUEST NO. 44:** Produce copies of documents related to meetings within the school system from March 2021 to present regarding the Plaintiffs, including agendas, emails, LMS messages, digital recordings, Zoom invitations, Big Blue Button invitations, Google Meet invitations, notes, etc.

**RESPONSE:**

**REQUEST NO. 45:** Produce copies of documents related to meetings within the school system from March 2021 to present regarding the "I Resolve" movement, including agendas, emails,

LMS messages, digital recordings, Zoom invitations, Big Blue Button invitations, Google Meet invitations, notes, etc.

**RESPONSE:**

**REQUEST NO. 46:** Produce copies of documents related to meetings within the school system from March 2021 to present regarding "anti-transgender" movement, including agendas, emails, LMS messages, digital recordings, Zoom invitations, Big Blue Button invitations, Google Meet invitations, notes, etc.

**RESPONSE:**

**REQUEST NO. 47:** Produce copies of all correspondence between any Defendant and/or staff member of the Grants Pass School District #7 and Bill Landis.

**RESPONSE:**

**REQUEST NO. 48:** Produce copies of all documents related to Bill Landis' consulting work for the District.

**RESPONSE:**

**REQUEST NO. 49:** Produce copies of all correspondence, including, but not limited to emails, texts, memos, and digital recordings between union members and union reps related to I Resolve matters or the Plaintiffs.

**RESPONSE:**

**REQUEST NO. 50:** Produce copies of all documents related to any and all District staff notification regarding the amendment or adoption of School Board policies from January 2021 to present.

**RESPONSE:**

**REQUEST NO. 51:** Produce copies of all correspondence to District personnel in opposition to "I Resolve" and/or the Plaintiffs, including but not limited to emails, texts, memos, and digital recordings.

**RESPONSE:**

**REQUEST NO. 52:** Produce copies of all correspondence to District personnel in support of "I Resolve" or the Plaintiffs, including, but not limited to emails, texts, memos, and digital recordings.

**RESPONSE:**

       DATED: November 8, 2021

                          PACIFIC JUSTICE INSTITUTE

                          *s/ Ray D. Hacke*
                          Ray D. Hacke, OSB No. 173647
                          PACIFIC JUSTICE INSTITUTE
                          1850 45th Ave., NE, Suite 33
                          Salem, OR 07305
                          rhacke@pji.org

                          *Attorney for Plaintiffs*

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that I have served the foregoing PLAINTIFF'S FIRST REQUEST

FOR PRODUCTION TO DEFENDANTS by sending a true and correct copy of same by

electronic mailing to the person(s) listed below and addressed as follows:


Karen M. Vickers
kvickers@vickersplass.com

Beth F. Plass
bplass@vickersplass.com


DATED: November 8, 2021

PACIFIC JUSTICE INSTITUTE


*s/ Ray D. Hacke*
Ray D. Hacke, OSB No. 173647
PACIFIC JUSTICE INSTITUTE
1850 45th Ave., NE, Suite 33
Salem, OR 07305
rhacke@pji.org

*Attorney for Plaintiffs*

# EXHIBIT "B"

**KAREN M. VICKERS,** OSB No. 913810
kvickers@vickersplass.com
Telephone: 503-726-5985
**BETH F. PLASS,** OSB No. 122031
bplass@vickersplass.com
Telephone: 503-726-5975
VICKERS PLASS LLC
5200 SW Meadows Road, Suite 150
Lake Oswego, OR 97035

Of Attorneys for Defendants

UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

MEDFORD DIVISION

| | |
|---|---|
| RACHEL G. DAMIANO and KATIE S. MEDART, <br><br> Plaintiffs, <br><br> v. <br><br> GRANTS PASS SCHOOL DISTRICT 7, an Oregon public body; THE MEMBERS OF THE BOARD OF EDUCATION OF GRANTS PASS SCHOOL DISTRICT 7 – Scott Nelson, Cliff Kuhlman, Gary Richardson, Debbie Brownell, Cassie Wilkins, Brian Delagrange, and Casey Durbin – in their official and personal capacities; KIRK T. KOLB, Superintendent, Grants Pass School District 7, in his official and personal capacity; and THOMAS M. BLANCHARD, Principal, North Middle School, Grants Pass School District y, in his official and personal capacity, <br><br> Defendants. | Case No. 1:21-cv-00859-CL <br><br><br> DEFENDANTS' RESPONSE TO PLAINTIFF'S FIRST REQUEST FOR PRODUCTION |

Defendants responds to plaintiffs' first request for production of documents as follows:

## **GENERAL OBJECTIONS**

Defendants generally object to producing confidential documents protected from

disclosure by the attorney/client privilege or work product doctrine.  Defendants further object to

PAGE 1 – DEFENDANTS' RESPONSE TO PLAINTIFF'S FIRST REQUEST FOR PRODUCTION

these requests for production to the extent they seek to impose obligations on a responding party beyond those set forth in the Federal Rules of Civil Procedure and/or local rules.  A statement that the defendants will produce documents means that they will conduct a diligent search and reasonable inquiry; it does not mean that any responsive documents have been or will be found.

## <u>RESPONSES</u>

**REQUEST NO. 1:** Produce a complete copy of your cell phone call logs, including all calls initiated, received, and missed from September 2020 through the present, that relate to Defendants' responses to the allegations in the Amended Complaint.

**RESPONSE:**  Defendants object on the basis that this request is not reasonably calculated to lead to the discovery of admissible evidence and is not proportional to the needs of the case. Defendants further object on the grounds that this request seeks work product.


**REQUEST NO. 2:** Produce a complete copy of your cell phone call logs, including all calls initiated, received, and missed from September 2020 through the present, that relate to the defenses raised in Defendants' response to the Amended Complaint.

**RESPONSE:**  See response to request no. 1.


**REQUEST NO. 3:** Produce a complete copy of your office phone call logs, including all calls initiated, received, and missed from September 2020 through the present, as well as all voicemail recordings relating to the defenses raised in Defendants' response to the Amended Complaint.

**RESPONSE:**  See response to request no. 1.

Vickers Plass llc
5200 SW Meadows Road, Suite 150
Lake Oswego, Oregon 97035
(503) 726-5985|(503) 726-5975

**REQUEST NO. 4:** Produce all voicemail recordings from September 2020 to the present relating to the defenses raised in Defendants' response to the Amended Complaint.

**RESPONSE:**  Defendants object on the basis of the attorney client privilege and work product doctrine.  Subject to these objections and without waiving the same, responsive documents will be produced if located.

**REQUEST NO. 5:** Produce copies of any correspondence between or from the District, Defendants, or Plaintiffs as a result of the events alleged in the Amended Complaint.

**RESPONSE:**  Defendants object on the basis of the attorney client privilege and work product doctrine.  Subject to these objections and without waiving the same, see enclosed documents.

**REQUEST NO. 6:** Produce copies of documents you received, directly or indirectly, from anyone other than District members as a result of the events alleged in the Amended Complaint.

**RESPONSE:**  See response to request no. 5.  Defendants also object to this request on the basis that "District members" is a vague, undefined term.

**REQUEST NO. 7:** Produce copies of documents you received, directly or indirectly, from anyone other than District members that relate to the allegations in the Amended Complaint.

**RESPONSE:**  See response to request no. 5.  Defendants also object to this request on the basis that "District members" is a vague, undefined term.

VICKERS PLASS LLC
5200 SW MEADOWS ROAD, SUITE 150
LAKE OSWEGO, OREGON 97035
(503) 726-5985| (503) 726-5975

**REQUEST NO. 8:** Produce copies of documents you received, directly or indirectly, from District members as a result of the events alleged in the Amended Complaint.

**RESPONSE:**  See response to request no. 5.  Defendants also object to this request on the basis that "District members" is a vague, undefined term.


**REQUEST NO. 9:** Produce copies of documents you received, directly or indirectly, from District members that relate to Defendants' responses to the allegations in the Amended Complaint.

**RESPONSE:**  See response to request no. 5.  Defendants also object to this request on the basis that "District members" is a vague, undefined term.


**REQUEST NO. 10:** Produce copies of documents, including memoranda, handwritten notes, and diary entries reflecting Defendants' contemporaneous observations and/or opinions or feelings regarding events, incidents, and/or issues alleged in the Amended Complaint.

**RESPONSE:**  See response to request no. 5.


**REQUEST NO. 11:** Produce copies of all agendas and conversation topics from the District Directors' weekly meetings from August 2020 to the present.

**RESPONSE:**  Responsive documents will be produced if located.


**REQUEST NO. 12:** Produce copies of all agendas and conversation topics from the Superintendent's weekly meetings from August 2020 to the present.

**RESPONSE:**  See response to request no. 11.


**REQUEST NO. 13:** Produce copies of a complete archive of Defendants' Facebook accounts from August 2020 to the present.

**RESPONSE:**  Defendants object to this request on the basis that the request is not likely to lead to the discovery of admissible evidence, is not proportional to the needs of the case, and seeks private confidential information from individuals which is not relevant to this case.


**REQUEST NO. 14:** Produce copies of a complete archive of Defendants' Instagram accounts from August 2020 to the present.

**RESPONSE:**  See response to request no. 13.


**REQUEST NO. 15:** Produce copies of a complete archive of Defendants' Twitter accounts from August 2020 to the present.

**RESPONSE:**  See response to request no. 13.


**REQUEST NO. 16:** Produce copies of a complete archive of Defendants' alternative social media accounts from August 2020 to the present.

**RESPONSE:**  See response to request no. 13.


**REQUEST NO. 17:** Produce a complete copy of the personnel files of all Plaintiffs.

**RESPONSE:**  See enclosed documents.


PAGE 5 – DEFENDANTS' RESPONSE TO PLAINTIFF'S FIRST REQUEST FOR PRODUCTION

**REQUEST NO. 18:** Produce complete copies of documents related to performance and duties of individual Defendants, including, but not limited to: personnel file, evaluations, disciplinary records, contracts of employment, job duties, required professional development, etc.

**RESPONSE:** Defendants object to this request on the grounds that it seeks private, confidential personnel information and are not subject to disclosure pursuant to ORS 192.355 and ORS 342.850(8). Defendants further object on the grounds that the request is not reasonably calculated to lead to the discovery of admissible evidence and is not proportional to the needs of the case.

**REQUEST NO. 19:** Produce complete copies of documents related to performance and duties of Tanika Cooks, including, but not limited to: personnel file, evaluations, disciplinary records, contracts of employment, job duties, required professional development, etc.

**RESPONSE:** See response to request no. 18.

**REQUEST NO. 20:** Produce complete copies of documents related to performance and duties of Lysander Selvig, including, but not limited to: personnel file, evaluations, disciplinary records, contracts of employment, job duties, required professional development, etc.

**RESPONSE:** See response to request no. 18.

**REQUEST NO. 21:** Produce complete copies of documents related to performance and duties of Kate Weber, including, but not limited to: personnel file, evaluations, disciplinary records, contracts of employment, job duties, required professional development, etc.

**RESPONSE:**  See response to request no. 18.


**REQUEST NO. 22:** Produce complete copies of documents related to performance and duties of Fawn Perry, including, but not limited to: personnel file, evaluations, disciplinary records, contracts of employment, job duties, required professional development, etc.

**RESPONSE:**  See response to request no. 18.


**REQUEST NO. 23:** Produce complete copies of documents related to performance and duties of Tracy Cauble, including, but not limited to: personnel file, evaluations, disciplinary records, contracts of employment, job duties, required professional development, etc.

**RESPONSE:**  See response to request no. 18.


**REQUEST NO. 24:** Produce complete copies of documents related to performance and duties of Robert Bath, including, but not limited to: personnel file, evaluations, disciplinary records, contracts of employment, job duties, required professional development, etc.

**RESPONSE:**  See response to request no. 18.

**REQUEST NO. 25:** Produce complete copies of documents related to performance and duties of Michael Endicott, including, but not limited to: personnel file, evaluations, disciplinary records, contracts of employment, job duties, required professional development, etc.

**RESPONSE:**  See response to request no. 18.


**REQUEST NO. 26:** Produce complete copies of documents related to performance and duties of Paula Bontrager, including, but not limited to: personnel file, evaluations, disciplinary records, contracts of employment, job duties, required professional development, etc.

**RESPONSE:**  See response to request no. 18.


**REQUEST NO. 27:** Produce complete copies of documents related to performance and duties of Danny Huber-Kantola, including, but not limited to: personnel file, evaluations, disciplinary records, contracts of employment, job duties, required professional development, etc.

**RESPONSE:**  See response to request no. 18.


**REQUEST NO. 28:** Produce complete copies of documents related to performance and duties of Debra Collins, including, but not limited to: personnel file, evaluations, disciplinary records, contracts of employment, job duties, required professional development, etc.

**RESPONSE:**  See response to request no. 18.

**REQUEST NO. 29:** Produce complete copies of documents related to performance and duties of Brandi Henderson, including, but not limited to: personnel file, evaluations, disciplinary records, contracts of employment, job duties, required professional development, etc.

**RESPONSE:**  See response to request no. 18.

**REQUEST NO. 30:** Produce copies of documents, including correspondence, memos, notes, etc., between or among any Defendants relating to I Resolve from January 2021 to present. (1) If any correspondence contains attorney-client privileged information, provide the date of the email, the person who authored the email, the recipients or addressees of the email, and provide a copy of the email with any attorney-client privileged information redacted. (2) If any other privilege or protection against disclosure is used to deny production of the email, please identify the specific privilege or protection and post the email to the privilege log.

**RESPONSE:**  Defendants object to this request on the basis of the attorney client privilege and work product doctrine.  Defendants will comply with the federal rules with respect to a privilege log in this matter.  Subject to these objections and without waiving the same, see enclosed documents.  Additional documents will be produced if located.

**REQUEST NO. 31:** Produce copies of documents, including correspondence, memos, notes, etc., between or among Defendants and any other district employee relating to I Resolve from January 2021 to present. (1) If any correspondence contains attorney-client privileged information, provide the date of the email, the person who authored the email, the recipients or addressees of the email, and provide a copy of the email with any attorney-client privileged

VICKERS PLASS LLC
5200 SW MEADOWS ROAD, SUITE 150
LAKE OSWEGO, OREGON 97035
(503) 726-5985| (503) 726-5975

information redacted. (2) If any other privilege or protection against disclosure is used to deny production of the email, please identify the specific privilege or protection and post the email to the privilege log.

**RESPONSE:**  See response to request no. 30.


**REQUEST NO. 32:** Produce copies of documents, including correspondence, memos, notes, etc., between or among any of the Defendants and any individuals not employed by the District relating to I Resolve from January 2021 to present. (1) If any correspondence contains attorney-client privileged information, provide the date of the email, the person who authored the email, the recipients or addressees of the email, and provide a copy of the email with any attorney-client privileged information redacted. (2) If any other privilege or protection against disclosure is used to deny production of the email, please identify the specific privilege or protection and post the email to the privilege log.

**RESPONSE:**  See response to request no. 30.


**REQUEST NO. 33:** Produce copies of documents, including correspondence, memos, notes, etc., between or among Defendants and any other district employee relating to the Plaintiffs from January 2021 to present. (1) If any correspondence contains attorney-client privileged information, provide the date of the email, the person who authored the email, the recipients or addressees of the email, and provide a copy of the email with any attorney-client privileged information redacted. (2) If any other privilege or protection against disclosure is used to deny

VICKERS PLASS LLC
5200 SW MEADOWS ROAD, SUITE 150
LAKE OSWEGO, OREGON 97035
(503) 726-5985 | (503) 726-5975

production of the email, please identify the specific privilege or protection and post the email to the privilege log.

**RESPONSE:**  See response to request no. 30.


**REQUEST NO. 34:** Produce copies of documents, including correspondence, memos, notes, etc., between or among Defendants and any other district employee relating to Black Lives Matter from January 2021 to present. (1) If any correspondence contains attorney-client privileged information, provide the date of the email, the person who authored the email, the recipients or addressees of the email, and provide a copy of the email with any attorney-client privileged information redacted. (2) If any other privilege or protection against disclosure is used to deny production of the email, please identify the specific privilege or protection and post the email to the privilege log.

**RESPONSE:**  See response to request no. 30.


**REQUEST NO. 35:** Produce copies of documents, including correspondence, memos, notes, etc., between or among Defendants and any other district employee relating to transgender policies/procedures from August 2019 to present. (1) If any correspondence contains attorney-client privileged information, provide the date of the email, the person who authored the email, the recipients or addressees of the email, and provide a copy of the email with any attorney-client privileged information redacted. (2) If any other privilege or protection against disclosure is used to deny production of the email, please identify the specific privilege or protection and post the email to the privilege log.

PAGE 11 – DEFENDANTS' RESPONSE TO PLAINTIFF'S FIRST REQUEST FOR PRODUCTION

**RESPONSE:**  See response to request no. 30.


**REQUEST NO. 36:** Produce copies of all correspondence, including, but not limited to emails, texts, memos, and digital recordings from any source ending in "@grantspass.k12.or.us" and/or the District to any elected representatives from January 2020 to present. Elected representatives will include, but not be limited to: Lily Morgan, Art Robinson, Ron Wyden, Duane Stark, and Peter DeFazio.

**RESPONSE:**  Responsive documents will be produced if located.


**REQUEST NO. 37:** Produce copies of all emails sent to Plaintiffs' District email account from March 14, 2021, to the present.

**RESPONSE:**  Defendants object to this request on the grounds that the request is not reasonably likely to lead to the discovery of admissible evidence and not proportional to the needs of the case.


**REQUEST NO. 38:** Produce copies of all correspondence, including, but not limited to emails, texts, memos, and digital recordings, with media from March 2021 to the present.

**RESPONSE:**  Defendants object to this request on the grounds that the request is vague and impossible to respond to, does not appear reasonably calculated to lead to the discovery of admissible evidence, and is not proportional to the needs of the case.


**REQUEST NO. 39:** Produce copies of documents related to meetings with third parties from

PAGE 12 – DEFENDANTS' RESPONSE TO PLAINTIFF'S FIRST REQUEST FOR PRODUCTION

March 2021 to present regarding transgender youth, including agendas, digital recordings, Zoom

invitations, Big Blue Button invitations, Google Meet invitations, notes, etc.

**RESPONSE:**  Defendants object to this request on the grounds that it seeks documents and

information protected by FERPA and ORS 336.187.  Subject to that objection and without

waiving the same, responsive documents will be produced if located.


**REQUEST NO. 40:** Produce copies of documents related to meetings with third parties from

March 2021 to present regarding the Plaintiffs, including agendas, digital recordings, Zoom

invitations, Big Blue Button invitations, Google Meet invitations, notes, etc.

**RESPONSE:**  See response to request no. 39.


**REQUEST NO. 41:** Produce copies of documents related to meetings with third parties from

March 2021 to present regarding "anti-transgender movements," including agendas, digital

recordings, Zoom invitations, Big Blue Button invitations, Google Meet invitations, notes, etc.

**RESPONSE:**  See response to request no. 39.


**REQUEST NO. 42:** Produce copies of documents related to meetings with persons from outside

the District from March 2021 to present regarding the "I Resolve" movement, including agendas,

digital recordings, Zoom invitations, Big Blue Button invitations, Google Meet invitations, notes,

etc.

**RESPONSE:**  See response to request no. 39.

VICKERS PLASS LLC
5200 SW MEADOWS ROAD, SUITE 150
LAKE OSWEGO, OREGON 97035
(503) 726-5985| (503) 726-5975

**REQUEST NO. 43:** Produce copies of documents related to meetings with persons within the District from March 2021 to present regarding transgender youth, including agendas, emails, LMS messages, digital recordings, Zoom invitations, Big Blue Button invitations, Google Meet invitations, notes, etc.

**RESPONSE:**  See response to request no. 39.


**REQUEST NO. 44:** Produce copies of documents related to meetings within the school system from March 2021 to present regarding the Plaintiffs, including agendas, emails, LMS messages, digital recordings, Zoom invitations, Big Blue Button invitations, Google Meet invitations, notes, etc.

**RESPONSE:**   Defendants object to this request on the basis of the attorney-client privilege and work product doctrines.  Subject to these objections and without waiving the same, see enclosed documents.  Additional documents will be produced if located.


**REQUEST NO. 45:** Produce copies of documents related to meetings within the school system from March 2021 to present regarding the "I Resolve" movement, including agendas, emails, LMS messages, digital recordings, Zoom invitations, Big Blue Button invitations, Google Meet invitations, notes, etc.

**RESPONSE:**  See response to request no. 45.


**REQUEST NO. 46:** Produce copies of documents related to meetings within the school system from March 2021 to present regarding "anti-transgender" movement, including agendas, emails,

VICKERS PLASS LLC
5200 SW MEADOWS ROAD, SUITE 150
LAKE OSWEGO, OREGON 97035
(503) 726-5985| (503) 726-5975

LMS messages, digital recordings, Zoom invitations, Big Blue Button invitations, Google Meet
invitations, notes, etc.

**RESPONSE:**  See response to request no. 46.


**REQUEST NO. 47:** Produce copies of all correspondence between any Defendant and/or staff
member of the Grants Pass School District #7 and Bill Landis.

**RESPONSE:**  Defendants object to this request on the basis of the attorney-client privilege and
work product doctrine.


**REQUEST NO. 48:** Produce copies of all documents related to Bill Landis' consulting work for
the District.

**RESPONSE:**  See response to request no. 47.


**REQUEST NO. 49:** Produce copies of all correspondence, including, but not limited to emails,
texts, memos, and digital recordings between union members and union reps related to I Resolve
matters or the Plaintiffs.

**RESPONSE:**  Defendants object to this request on the basis that the documents are not within
defendants' custody and control and seeks confidential union communications.  Plaintiffs should
seek the requested documents directly from the union members.

**REQUEST NO. 50:** Produce copies of all documents related to any and all District staff notification regarding the amendment or adoption of School Board policies from January 2021 to present.

**RESPONSE:**  Responsive documents will be produced if located.

**REQUEST NO. 51:** Produce copies of all correspondence to District personnel in opposition to "I Resolve" and/or the Plaintiffs, including but not limited to emails, texts, memos, and digital recordings.

**RESPONSE:**  See enclosed documents.  Additional documents will be produced if located.

**REQUEST NO. 52:** Produce copies of all correspondence to District personnel in support of "I Resolve" or the Plaintiffs, including, but not limited to emails, texts, memos, and digital recordings.

**RESPONSE:**  See response to request no. 51.

DATED: December 21, 2021.

VICKERS PLASS LLC

_____ *s/ Karen M. Vickers* _____
**KAREN M. VICKERS,** OSB No. 913810
kvickers@vickersplass.com
503-726-5985
**BETH F. PLASS,** OSB No. 122031
bplass@vickersplass.com
503-726-5975
Of Attorneys for Defendants

VICKERS PLASS LLC
5200 SW MEADOWS ROAD, SUITE 150
LAKE OSWEGO, OREGON 97035
(503) 726-5985|(503) 726-5975

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that I have made service of the foregoing **DEFENDANTS' RESPONSE TO PLAINTIFF'S FIRST REQUEST FOR PRODUCTION** by sending a true and correct copy of same in the following manner:

    __X__ U.S. regular mail, first class postage prepaid;

    _____ Hand delivery;

    __X__ Electronic mailing;

    _____ Express and/or overnight service;

to the person listed below and addressed as follows:

Ray D. Hacke, OSB No. 173647
Pacific Justice Institute
1850 45th Ave, NE, Suite 33
Salem, OR 07305
rhacker@pji.org

Of Attorneys for Plaintiff

    DATED: December 21, 2021.

                  VICKERS PLASS LLC

                  *s/ Karen M. Vickers*
                  **KAREN M. VICKERS,** OSB No. 913810
                  kvickers@vickersplass.com
                  503-726-5985
                  **BETH F. PLASS,** OSB No. 122031
                  bplass@vickersplass.com
                  503-726-5975
                      Of Attorneys for Defendants

# EXHIBIT "C"


BILOXI, MS · CINCINNATI, OH · DALLAS, TX · DENVER, CO · MIAMI, FL · MILWAUKEE, WI · NEW YORK, NY · RENO, N
SACRAMENTO, CA · SALEM, OR · SAN FRANCISCO, CA · SANTA ANA, CA · TRI-CITIES, WA

Case 1:21-cv-00859-CL    Document 35    Filed 01/31/22    Page 50 of 60

January 17, 2022

**SUBMITTED VIA E-MAIL & REGULAR MAIL**
Karen Vickers and Beth Plass
Attorneys for Grants Pass School District No. 7 *et al.*
Vickers Plass LLC
5200 SW Meadows Road, Suite 150
Lake Oswego, OR 97035
E-mail addresses: kvickers@vickersplass.com
                            bplass@vickersplass.com

> **Re: *Damiano & Medart v. Grants Pass School Dist. No. 7 et al.***
> **Meeting and Conferral re: Resolution of Discovery Issues**
> **Possible Motion to Compel Responses to Discovery Requests**

Ms. Vickers and Ms. Plass:

In compliance with the U.S. District Court for the District of Oregon's (the "Court") Local Rule 7-1(a)(1)(A), I am writing to you in the hopes of resolving some discovery-related issues in the above-referenced case [No. 1:20-CV-00859-CL] before the Court's Medford Division. Specifically, I am writing to address the failure of Grants Pass School District No. 7 *et al.*, the Defendants in the above-referenced proceeding, to provide adequate responses to certain requests for production of documents ("RFPs") propounded by Plaintiffs Rachel Damiano ("Ms. Damiano") and Katie Medart ("Ms. Medart," and collectively with Ms. Damiano "Plaintiffs").

**Legal Discussion**
"Generally, the purpose of discovery is to remove surprise from trial preparation so the parties can obtain evidence necessary to resolve the dispute." *Henrickson v. Nevada*, 2021 U.S. Dist. LEXIS 73424 at *6 (D. Nev. April 15, 2021) [quoting *Duran v. Cisco Sys., Inc.*, 258 F.R.D 375, 378 (C.D. Cal. 2009)]. To withhold responses until one's opponent must file a motion to compel is to engage in the very sort of gamesmanship that undermines the Federal Rules of Civil Procedure ("FRCP"). *Okada v. Ark Whitehead*, 2016 U.S. Dist. LEXIS 191926 at *12 (C.D. Cal. June 13, 2016). Furthermore, "[t]he discovery process is subject to the overriding limitation of good faith. Callous disregard of discovery responsibilities cannot be condoned." *Natural-Immunogenics Corp. v. Newport Trial Grp.*, 2017 U.S. Dist. LEXIS 2252814 at *8 (C.D. Cal. June 28, 2017) [quoting *Asea, Inc. v. Southern Pac. Transp. Co.*, 669 F.2d 1242, 1246 (9th Cir. 1982)].

On or about November 10, 2021, Plaintiffs served upon Defendants their first set of RFPs. Defendants initially had 30 days to provide the documents requested, but requested an extension to December 21, 2021, which Plaintiffs granted. Based on the majority of Defendants' answers to Plaintiffs' RFPs, Defendants appear to be engaging in gamesmanship by stonewalling Plaintiffs' efforts to obtain discoverable evidence. I thus have reason to believe that Defendants have not raised the majority of their objections in

Page 1 of 6

good faith, and am inclined to pursue sanctions under Fed, R, Civ. P. 37 if Defendants fail to adequately and timely address its failure to adequately respond to the discovery requests discussed herein.

1. **Defendants Have a Duty to Provide All Non-Privileged Documents; Those That Are Privileged Must Be Listed in a Privilege Log.**

In response to RFP Nos. 1-10, 30-35, and 44-48, Defendants repeatedly assert that Plaintiffs seek documents protected under the work product privilege. In response to RFP Nos. 4-10 and 30-35, Defendants repeatedly assert the attorney-client privilege.[1]

To begin with, Defendants have a duty to provide all non-privileged documents requested. Defendants have failed to fulfill that duty. Accordingly, I hereby respectfully request that Defendants provide the non-privileged documents requested by the deadline set forth in the "Demand" portion of this letter.

For those documents that Defendants consider privileged, please provide a privilege log that will enable the Court to determine whether the documents identified are being properly withheld. The privilege log should explain why, in Defendants' view, each document withheld qualifies for either the work product or attorney-client privilege – something it will be Defendants' burden to prove in response to a motion to compel anyway. *See United States v. Pac. Gas & Elec. Co.*, 2016 U.S. Dist. LEXIS 77311 at *6 (N.D. Cal. June 14, 2016) [quoting *United States v. Martin*, 278 F.3d 988, 999-1000 (9th Cir. 2002)]. Please note that even if the documents are protected under the work product or attorney-client privileges, neither privilege is absolute [*see Finjan, Inc. v. SonicWall, Inc.*, 2018 U.S. Dist. LEXIS 177061 at *5 (N.D. Cal. Oct. 15, 2018):

- The work product privilege "and can be overcome by a showing of substantial need and the inability to obtain the equivalent of the materials through other means." *Walker v. County of Contra Costa*, 227 F.R.D. 529, 536 (N.D. Cal. 2005) [citing Fed. R. Civ. P. 26(b)(3)]. This is especially true where a party is not asking an opposing party to disclose "mental impressions, conclusions, opinions, or legal theories of an attorney or other representative of a party concerning the litigation." *Id.* [quoting Fed. R. Civ. P. 26(b)(3)].

- The attorney-client privilege, meanwhile, is strictly construed because it "stands in derogation to the public's right to every man's evidence and as an obstacle to investigation of the truth." *NECA-BEW Trust Fund (The Decatur Plan) v. Precision Castparts Corp.*, 2018 U.S. Dist. 168088 at *3 (D. Or. Sept. 27, 2019) [quoting *United States v. Ruehle*, 583 F.3d 600, 607 (9th Cir. 2009)]. Courts recognize "the unfairness that would result from a privilege holder selectively disclosing privileged communications to an adversary, revealing those that support the cause while claiming the shelter of the privilege to avoid disclosing those that are less favorable." *Finjan*, 2018 U.S. Dist. LEXIS 177061 at **5-6 [quoting *Tennenbaum v. Deloitte and Touche*, 77 F.3d 337, 340-41 (9th Cir. 1996)]. In other words, Plaintiffs are entitled to obtain access to any

---

[1] In some cases, Defendants' response is, "See response to request no. [INSERT NUMBER HERE]." Plaintiffs are treating Defendants' incorporation of previous responses by reference as assertions of the attorney-client and work product privileges for purposes of the responses that incorporate them.

Page 2 of 6

communications that are relevant to the defenses raised in Defendants' answer to Plaintiffs' Second Amended Complaint ("SAC"). *Id.* at **10-11 [quoting *Chevron Corp. v. Pennzoil Co.*, 974 F.2d 1156, 1162 (9th Cir. 1992) ("Where a party raises a claim which in fairness requires disclosure of the protected communication, the privilege may be implicitly waived")].

The bullet-pointed paragraphs above apply with particular force to RFP Nos. 47 and 48, which concern Bill Landis' investigation into Plaintiffs' conduct, which preceded Plaintiffs' filing of their lawsuit against Defendants: For one thing, the attorney-client privilege does not apply to Mr. Landis's communications with the District, as Mr. Landis is not an attorney, nor was he sought for legal advice in his capacity as such. *In re Grand Jury Investigation*, 974 F.2d 1068, 1070-71 (9th Cir. 1992). Defendants' objection to RFP Nos. 47 and 48 on the ground that communications with Mr. Landis are protected under the attorney-client privilege is thus meritless. As for Defendants' assertion of the work product privilege with regard to RFP Nos. 47 and 48, even assuming *arguendo*, without conceding, that the documents at issue are protected under the privilege, Plaintiffs can compel production of the documents requested by demonstrating that they have "a substantial need for the materials to prepare [their] case and cannot, without undue hardship, obtain their substantial equivalent by other means." *See* Fed. R. Civ. P. 26(b)(3)(A)(ii). Plaintiffs believe Mr. Landis's investigation to be a witch hunt, conducted for the purpose of finding a pretext to fire Plaintiffs when, in fact, the real reason was to punish Plaintiffs for expressing an unpopular viewpoint that upset some GPSD staff, students, and members of the community. Production of the documents sought will go a long way toward resolving this matter without the need for further litigation – one of the chief purposes of the discovery process. *Oakes v. Halvorsen Marine, Ltd.*, 179 F.R.D. 281, 286 (C.D. Cal. 1998).

Regardless, Plaintiffs are entitled to learn which documents are privileged and which are not. *See* Fed. R. Civ. P. 26(b)(5). Please provide the privilege log and the requested non-privileged documents accordingly.

## 2. **Defendants Need to Locate and Produce the Documents Requested.**

Pursuant to Fed. R. Civ. P. 26(a)(1)(A)(ii), Defendants have a duty to provide all requested documents "in its possession, custody, or control and may use to support its claims or defenses[.]" This is in accordance with the general purpose of discovery, which is "to make trial 'less a game of blind man's bluff and more a fair contest with the basic issues and facts disclosed *to the fullest extent possible*.'" *Vincent v. City of California City*, 2019 U.S. Dist. LEXIS 63585 at *5 (E.D. Cal. April 12, 2019) (emphasis added) [quoting *United States v. Proctor & Gamble*, 356 U.S 677, 683 (1958)].

In response to RFP Nos. 4, 11, 30, 36, 39, 44, 50, and 51, Defendants assert that "[r]esponsive documents will be produced *if located*" (emphasis added). The same goes for RFP Nos. 12, 31-35, 40-43, 45-46,[2] and 52, which incorporate by reference Defendants' responses to the RFPs preceding them. Implied in Defendants' assertion that

---

[2] Defendants' response to RFP Nos. 45 and 46 both state "See response to request no. …" and then cite the number of the exact RFP to which Defendants are supposed to be responding. For the sake of resolving the discovery issues discussed herein, Plaintiffs are presuming here that Defendants meant to refer to RFP No. 44. Regardless, Defendants have provided evasive answers to RFP Nos. 45 and 46. This is unacceptable.

they will produce requested documents "if located" is that Defendants will conveniently fail to locate those documents and, accordingly, fail to produce them. It is Defendants' duty under the FRCP to search diligently for those documents and produce them as requested. As Defendants have not done this, I respectfully request that Defendants provide all non-privileged documents responsive to the above-listed RFPs by the deadline set forth in the "Demand" portion of this letter.

### 3. Plaintiffs Hereby Provide a Definition For the Term "District Members."

In response to RFP Nos. 6-9, Defendants object on the ground that "'District members" is a vague, undefined term." Plaintiffs hereby address that objection by defining "District members" to mean "Any employee of, school board member tasked with governing, or student enrolled in GPSD." This definition should be interpreted to apply to any and all persons relevant to this case – including but not limited to those identified by name in Plaintiffs' SAC and RFPs – who met the definition of "District members" during the time frame set forth in the SAC. Accordingly, please provide documents responsive to RFP Nos. 6-9 by the deadline set forth in the "Demand" portion of this letter.

### 4. All of the Documents That Plaintiffs Seek Are Relevant, Even if Their Relevance is Not Readily Apparent to Defendants.

"Evidence is relevant if it has ***any tendency*** to make the existence of any fact that is of consequence to the determination of the action more or less probable than it could be without the evidence." *Vincent*, 2019 U.S. Dist. LEXIS 63585 at \*\*5-6 (emphasis added) [quoting Fed. R. Evid. 401]. "Relevance is interpreted ***broadly*** … [because] wide access to relevant facts serves the fairness and integrity of the judicial process by promoting the search for the truth." *Id.* at \*6 (emphasis added) [quoting *Shoen v. Shoen*, 5 F.3d 1289, 1292 (9th Cir. 1993)]. "Once the party seeking discovery establishes that a request seeks relevant information, '[t]he party who resists discovery has the burden to show discovery, should not be allowed, and has the burden of clarifying, explaining, and supporting its objections.'" *Id.* [quoting *Global Ampersand, LLC v. Crown Eng'g & Constr.*, 261 F.R.D. 495, 499 (E.D. Cal. 2009)].

Here, in response to RFP No. 13, Defendants object on the ground that Plaintiffs seek "private confidential information from individuals which is not relevant to this case." RFP No. 13 seeks copies of Defendants' Facebook posts from August 20, 2020 to the present. Facebook is a widely known social media platform, and information posted there is hardly private or confidential – especially when the page belongs to a government entity, such as GPSD, or a public official, whether that official maintains the page in his or her official capacity or a private capacity. Even if Kirk Kolb, the District superintendent, Tommy Blanchard, the principal at North Middle School, or any members of GPSD's board have set their Facebook pages to "private," thereby limiting who can contact them or post on their pages, no privilege protects the communications of community members to public officials on matters of public concern. Regardless, in response to Defendants' objection that Plaintiffs seek evidence that "is not proportional to the needs of the case," Plaintiffs are willing to narrow the scope of RFP No. 13 to posts, comments, and messages from or to community members – i.e., anyone who lives in GPSD's geographical boundaries, works for the District, and/or makes policy decisions for the District – concerning Ms. Damiano or Ms. Medart individually or about the "I Resolve" movement, which Plaintiffs launched in March 2021. The same goes for

Page 4 of 6

Defendants' Instagram, Twitter, and other social media accounts, for which Plaintiffs seek documents pursuant to RFP Nos. 14, 15, and 16, respectively.

Regarding the other RFPs to which Defendants object on the ground that they are "not likely to lead to the discovery of admissible evidence":

- **No. 1** – Defendants have claimed that I Resolve created a substantial disruption to the school environment. As many members of GPSD's leadership team utilize their personal cell phones for work-related communication, these logs are requested to determine whether Defendants' claims are substantiated or not. The time stamps on the call logs are also important in determining the timeline of communication between various District personnel and members of the community. If a personal cell phone is not used for work-related communication, Defendants should provide logs from work issued cell phones.

- **No. 18** – The documents sought via this RFP are relevant because they may contain evidence concerning GPSD's consistency in dealing with employees regarding their competence, authority, duties, judgment, and discipline for using school time and resources to engage in seminars, assemblies, meetings, or other means of combating the alleged "anti-transgender" movement of "I Resolve." Given Defendants' legitimate concerns about keeping District employees' personnel information confidential, the documents requested may be produced pursuant to a stipulated protective order and marked "Confidential."

- **Nos. 19-29** – The documents requested for each individual identified relate to GPSD's consistency in following up on alleged policy violations. Please note that while courts in the Ninth Circuit do recognize that employees of a given entity have a privacy interest in their personnel files and that interest is given some protection under the law, "there is no blanket protection from disclosure of personnel records[.]" *In re Roman Catholic Archbishop of Portland in Or.*, 2009 Bankr. LEXIS 1906 at **15, 17 (Bankr. Or. June 24, 2009) (*Archbishop of Portland*). Courts must balance employees' privacy interest in their personnel files with civil rights plaintiffs' need for the documents. *Soto v. City of Concord*, 162 F.R.D. 603, 617 (N.D. Cal. 1995). This is especially true where civil plaintiffs' need for the documents outweighs the employees' interest in maintaining the privacy of their personnel files. *Id.* Plaintiffs believe they can demonstrate such a compelling need here. Regardless, because Plaintiffs recognize that the personnel files sought may contain sensitive information about the employees identified [*see Archbishop of Portland*, 2009 Bankr. LEXIS 1906 at *17], the documents requested may be produced pursuant to a stipulated protective order and marked "Confidential."

- **No. 37** – The documents sought here concern whether Plaintiffs did, in fact, cause a substantial disruption, as Defendants claim. Plaintiffs also disagree with Defendants' assertion that this request is not proportional with the needs of the case: Plaintiffs did not launch I Resolve until late March 2021, were put on paid administrative leave in early April 2021, and were restricted from accessing their District e-mail accounts soon thereafter. Only after Plaintiffs were reinstated on November 10 did they regain access to their e-mail accounts.

太平洋法律協會 chinese.pji.org | Instituto de Justicia Pacifico spanish.pji.org | 태평양 법률협회 korean.pji.org | Тихоокеанский Институт Правосудия russian.pji.org

- **No. 38 –** As with RFP No. 37, the documents sought here concern whether Plaintiffs did, in fact, cause a substantial disruption, as Defendants claim. Plaintiffs also disagree with Defendants' assertion that this request is not proportional to the needs of the case: Unless Defendants have had almost daily communications with news organizations that regularly cover GPSD – newspapers, radio stations, television stations, etc. – there should not be much correspondence to produce.

In addition, in response to RFP No. 39, Defendants object on the ground that Plaintiffs seek documents protected under both the federal Family Educational Rights and Privacy Act (FERPA) and ORS 336.187.  Incorporating by reference their response to RFP No. 39, Defendants raise the same objection in response to RFP Nos. 40-43.  Plaintiffs recognize this concern; accordingly, the documents requested pursuant to RFP Nos. 39-43 may be produced pursuant to a stipulated protective order and marked "Confidential."

## **Demand**

Based on the foregoing, I hereby give Defendants until *5 p.m. on January 24, 2022* to provide all documents in its possession, custody, and/or control that are responsive to the above-referenced RFPs, subject to the limitations in scope described *supra*.  *No extensions will be granted.*

If Defendants fail to comply with the above deadline, Plaintiffs will have no alternative but to file a motion to compel responses and seek sanctions pursuant to Fed. R. Civ. P. 37.


Sincerely,

Ray D. Hacke
Staff Attorney
Pacific Justice Institute
P.O. Box 5229
Salem, OR 97304
E-mail: rhacke@pji.org

太平洋法律協會 chinese.pji.org | Instituto de Justicia Pacífico spanish.pji.org | 태평양 법률협회 korean.pji.org | Тихоокеанский Институт Правосудия russian.pji.org

# EXHIBIT "D"

 The State Bar *of California*

**Ray Devon Hacke #276318**
**License Status: Active**

Address: Pacific Justice Institute, PO Box 5229, Salem, OR 97304-0229
Phone: 503-917-4409 | Fax: 916-857-6902
Email: rhacke@pji.org | Website: Not Available

More about This Attorney ▾

**All changes of license status due to nondisciplinary administrative matters and disciplinary actions.**

| Date | License Status ⓘ | Discipline ⓘ | Administrative Action ⓘ |
|------|------------------|--------------|--------------------------|
| **Present** | Active | | |
| **6/2/2011** | Admitted to the State Bar of California | | |

**Additional Information:**

- About the disciplinary system

Copyright © 2021 The State Bar of California

  

# EXHIBIT "E"

## USAO ATTORNEY'S FEES MATRIX — 2015-2021

*Revised Methodology starting with 2015-2016 Year*

Years (Hourly Rate for June 1 – May 31, based on change in PPI-OL since January 2011)

| Experience | 2015-16 | 2016-17 | 2017-18 | 2018-19 | 2019-20 | 2020-21 |
|---|---|---|---|---|---|---|
| 31+ years | 568 | 581 | 602 | 613 | 637 | 665 |
| 21-30 years | 530 | 543 | 563 | 572 | 595 | 621 |
| 16-20 years | 504 | 516 | 536 | 544 | 566 | 591 |
| 11-15 years | 455 | 465 | 483 | 491 | 510 | 532 |
| 8-10 years | 386 | 395 | 410 | 417 | 433 | 452 |
| 6-7 years | 332 | 339 | 352 | 358 | 372 | 388 |
| 4-5 years | 325 | 332 | 346 | 351 | 365 | 380 |
| 2-3 years | 315 | 322 | 334 | 340 | 353 | 369 |
| Less than 2 years | 284 | 291 | 302 | 307 | 319 | 333 |
| Paralegals & Law Clerks | 154 | 157 | 164 | 166 | 173 | 180 |

*Explanatory Notes*

1.    This matrix of hourly rates for attorneys of varying experience levels and paralegals/law clerks has been prepared by the Civil Division of the United States Attorney's Office for the District of Columbia (USAO) to evaluate requests for attorney's fees in civil cases in District of Columbia courts. The matrix is intended for use in cases in which a fee-shifting statute permits the prevailing party to recover "reasonable" attorney's fees. *See, e.g.,* 42 U.S.C. § 2000e-5(k) (Title VII of the 1964 Civil Rights Act); 5 U.S.C. § 552(a)(4)(E) (Freedom of Information Act); 28 U.S.C. § 2412(b) (Equal Access to Justice Act). The matrix has not been adopted by the Department of Justice generally for use outside the District of Columbia, or by other Department of Justice components, or in other kinds of cases. The matrix does **not** apply to cases in which the hourly rate is limited by statute. *See* 28 U.S.C. § 2412(d).

2.    A "reasonable fee" is a fee that is sufficient to attract an adequate supply of capable counsel for meritorious cases. *See, e.g., Perdue v. Kenny A. ex rel. Winn,* 559 U.S. 542, 552 (2010). Consistent with that definition, the hourly rates in the above matrix were calculated from average hourly rates reported in 2011 survey data for the D.C. metropolitan area, which rates were adjusted for inflation with the Producer Price Index-Office of Lawyers (PPI-OL) index. The survey data comes from ALM Legal Intelligence's 2010 & 2011 Survey of Law Firm Economics. The PPI-OL index is available at http://www.bls.gov/ppi. On that page, under "PPI Databases," and "Industry Data (Producer Price Index - PPI)," select either "one screen" or "multi-screen" and in the resulting window use "industry code" 541110 for "Offices of Lawyers" and "product code" 541110541110 for "Offices of Lawyers." The average hourly rates from the 2011 survey data are multiplied by the PPI-OL index for May in the year of the update, divided by 176.6, which is the PPI-OL index for January 2011, the month of the survey data, and then rounding to the nearest whole dollar (up if remainder is 50¢ or more).

3.    The PPI-OL index has been adopted as the inflator for hourly rates because it better reflects the mix of legal services that law firms collectively offer, as opposed to the legal services that typical consumers use, which is what the CPI-

Legal Services index measures.  Although it is a national index, and not a local one, *cf. Eley v. District of Columbia*, 793 F.3d 97, 102 (D.C. Cir. 2015) (noting criticism of national inflation index), the PPI-OL index has historically been generous relative to other possibly applicable inflation indexes, and so its use should minimize disputes about whether the inflator is sufficient.

4.      The methodology used to compute the rates in this matrix replaces that used prior to 2015, which started with the matrix of hourly rates developed in *Laffey v. Northwest Airlines, Inc.* 572 F. Supp. 354 (D.D.C. 1983), *aff'd in part, rev'd in part on other grounds*, 746 F.2d 4 (D.C. Cir. 1984), *cert. denied*, 472 U.S. 1021 (1985), and then adjusted those rates based on the Consumer Price Index for All Urban Consumers (CPI-U) for the Washington-Baltimore (DC-MD-VA-WV) area.  The USAO rates for years prior to and including 2014-15 remains the same as previously published on the USAO's public website.

5.      The various "brackets" in the column headed "Experience" refer to the attorney's years of experience practicing law.  Normally, an attorney's experience will be calculated starting from the attorney's graduation from law school.  Thus, the "Less than 2 years" bracket is generally applicable to attorneys in their first and second years after graduation from law school, and the "2-3 years" bracket generally becomes applicable on the second anniversary of the attorney's graduation (*i.e.*, at the beginning of the third year following law school).  *See Laffey*, 572 F. Supp. at 371. An adjustment may be necessary, however, if the attorney's admission to the bar was significantly delayed or the attorney did not otherwise follow a typical career progression.  *See, e.g., EPIC v. Dep't of Homeland Sec.*, 999 F. Supp. 2d 61, 70-71 (D.D.C. 2013) (attorney not admitted to bar compensated at "Paralegals & Law Clerks" rate); *EPIC v. Dep't of Homeland Sec.*, 982 F. Supp. 2d 56, 60-61 (D.D.C. 2013) (same).  The various experience levels were selected by relying on the levels in the ALM Legal Intelligence 2011 survey data.  Although finer gradations in experience level might yield different estimates of market rates, it is important to have statistically sufficient sample sizes for each experience level.  The experience categories in the current USAO Matrix are based on statistically significant sample sizes for each experience level.

6.      ALM Legal Intelligence's 2011 survey data does not include rates for paralegals and law clerks.  Unless and until reliable survey data about actual paralegal/law clerk rates in the D.C. metropolitan area become available, the USAO will compute the hourly rate for Paralegals & Law Clerks using the most recent historical rate from the USAO's former *Laffey* Matrix (*i.e.*, $150 for 2014-15) updated with the PPI-OL index.  The formula is $150 multiplied by the PPI-OL index for May in the year of the update, divided by 194.3 (the PPI-OL index for May 2014), and then rounding to the nearest whole dollar (up if remainder is 50¢ or more).

7.      The attorney's fees matrices issued by the United States Attorney's Office are intended to facilitate the settlement of attorney's fees claims in actions in which the United States may be liable to pay attorney's fees to the prevailing party and the United States Attorney's Office is handling the matter.  The United States Attorney's Office is presently working to develop a revised rate schedule, based upon current, realized rates paid to attorneys handling complex federal litigation in the District of Columbia federal courts.  This effort is motivated in part by the D.C. Circuit's urging the development of "a reliable assessment of fees charged for complex federal litigation in the District."  *D.L. v. District of Columbia*, 924 F.3d 585, 595 (D.C. Cir. 2019).  This new matrix should address the issues identified by the majority in *D.L.*, but it is expected that it will be some time before a new matrix can be prepared.  In the interim, for matters in which a prevailing party agrees to payment pursuant to the matrices issued by the United States Attorney's Office, the United States Attorney's Office will not demand that a prevailing party offer the additional evidence that the law otherwise requires.  *See Eley*, 793 F.3d at 104 (quoting *Covington v. District of Columbia*, 57 F.3d 1101, 1109 (D.C. Cir. 1995)) (requiring "evidence that [the] 'requested rates are in line with those prevailing in the community for *similar services*'").